Elder v. Littler, Administrator.

1. Questions not raised below. The Supreme Court will not consider questions which were not presented to and passed upon by the Court below.

2. Administrator de son tort. An administrator *de son tort* is liable in an action by any creditor of the decedent to the extent of the value of the property of the decedent which has come into his hands. Section 2464, Rev. of 1860.

*Appeal from Monroe District Court.*

Friday, June 12.

Action for damages against defendant as administrator *de son tort* of the estate of William Littler, deceased, for the

breach of a covenant of warranty. The plaintiff, in his petition, represents that defendant has obtained money belonging to the deceased which he, plaintiff, now seeks to subject to the payment of his claim for damages.

The defendant filed a demurrer to this petition which was sustained by the court, and from this ruling plaintiff appeals.

*G. W. Yocum* for the appellant.

*S. B. Perry* for the appellee.

BALDWIN, Ch. J.—It is claimed in argument by the counsel of appellant that the plaintiff, under the provisions of the statute, could not prosecute this suit originally in the District Court without first having obtained an order from the County Court to that effect. It is a sufficient answer to this position to say that no such question was made in the court below for its consideration. The only error assigned is the ruling of the court upon the demurrer. This decision of the court is claimed to be correct by appellee, under the peculiar language of our Statute in relation to this character of administrators. It reads thus:

" Any person who, without being regularly appointed an executor, intermeddles with the property of a deceased person, is responsible to the regular executor, when appointed, for the value of all property taken or received by him, and for all damages caused by his acts to the estate of the deceased, *but his liability extends no further.*" (§ 2464, Rev. of 1860.)

The court must have held that by this provision the intermeddler was liable to the regularly appointed executor alone. At common law an executor *de son tort,* was liable to be sued by any creditor of the estate, and a plea of *plene-administravit* could not prevent such creditor from recovering the full amount of his claim against the decedent.

The Statute only changes the rule of the common law, so far as it relates to the amount for which such intermeddler may be made liable. He is liable for the value of all property taken received by him, and for all damages caused by his acts, but no further. If it had been the design of the legislature to limit his liability to the regular executor alone, the language would have been different from that used. The view taken by the court of this language was erroneous, and the judgment is therefore

Reversed.