"    CHESTER C. COLE,

---

## LAVERTY v. WOODWARD, Administrator.

1. SURPLUSAGE. When a party is sued *in autre droit* and it appears, from the allegations of the plaintiff, that the defendant is liable in his own right, the words "Executor, &c.," will be treated as surplusage, or as *descriptio personae;* but when it appears from the record that they were not so treated by the parties, or either of them, in the court below, it

Vol. XVI.—1

will not be so considered on the hearing of the same cause on appeal in the Supreme Court.

2. ADMINISTRATOR: RENTS AND PROFITS. The administrator has no authority to collect the rents and profits of the decedent's real estate. *Foteaux* v. *Lepage et al.*, 6 Iowa, 130; *Gladson, Adm'r*, v. *Whitney et al.*, 9 Id., 268; *Beezley* v. *Burgett, ante.*

3. SAME: DESCENT OF REAL ESTATE. Upon the death of the ancestor his real estate descends at once to his heirs, charged with the liability to be eventually taken, if necessary, for the payment of his debts.

*Appeal from Warren District Court.*

MONDAY, APRIL 11.

ACTION by the plaintiff as the widow and assignee of part of the heirs-at-law of Samuel Laverty, deceased, to recover certain rents and profits received by the defendant, and arising from the real estate of the intestate. The defendant demurred to the petition on several grounds, and the demurrer being in part sustained, the plaintiff refused to amend and judgment was rendered against her, from which she appeals.

*C. C. Nourse and H. W. Maxwell* for the appellant.

But one question of law is presented in this case. Has the administrator a right to the rents and profits of the real estate of the decedent as against the widow and heirs-at-law, before such real estate is declared assets in his hands for the payment of debts? *Lepage et al.* v. *McNamara,* 5 Iowa, 124; *Foteaux* v. *Lepage et al.*, 6 Id., 130; *Gladson, Adm'r,* v. *Whitney et al.*, 9 Id., 268; *Raltz* v. *Prouse,* 17 Ill., 487; *Wright* v. *Williams,* 5 Cow., 502; *Jameson* v. *Smith's Ex'r,* 4 Bibb, 307; *Pruet* v. *Durham,* 5 Monr., 18.

*C. C. Cole* for the appellee.

*First.* The widow of a decedent cannot recover rent for the real estate of which her husband died seised, until her dower is assigned; till then her interest is indefinite, if not

also inchoate, and our statute provides her remedy by having dower assigned immediately. Revision of 1860, § 2428; *Claussen, Guardian*, v. *La Franz*, 1 Iowa, 226; *Postlewait, &c.*, v. *Howes, &c.*, 3 Iowa, 365, 382, top; *Cavender* v. *Smith et al.*, 8 Id., 360, 364–366, and authorities.

*Second.* The bringing of the suit against the defendant as administrator, is an affirmance of the fact that he holds the rents in that capacity and not in his own right; and all moneys coming into the hands of an administrator, arising from the estate or property of the decedent is primarily liable for the payment of the debts of the estate, and before the heirs can recover such moneys they must aver and prove that the debts and other prior claims to them have been fully paid or satisfied.

DILLON, J.—The petition alleged that the defendant, after his appointment as administrator, received the rents and profits of certain real estate which "belonged to the estate of Samuel Laverty, deceased."

The plaintiff, as widow and as the assignee by written assignment of part of the heirs-at-law of the said Samuel, brought this action to recover the amount so received by the defendant. The Court below, on demurrer, held the petition insufficient to authorize a recovery. The correctness of this ruling depends wholly upon the true construction of the petition. If the action is to be treated as one against the defendant in his individual character, the decision below was wrong; for the defendant, upon the averments of the petition, would be liable, and he should have been required to answer the same. On the other hand if the action is to be viewed as against the defendant in his representative character, the ruling of the District Court was right.

While the petition is in this regard vexatiously equivocal, yet, taken as a whole, it seems to have been intended,

and to have been treated by the parties and the Court, as against the defendant representatively. It is entitled thus: "Elizabeth Laverty *v.* James Woodward, administrator of Samuel Laverty, deceased." It commences in the following form: "Your petitioner, Elizabeth Laverty, claims of the defendant, James Woodward, administrator of the estate of Samuel Laverty, deceased, three hundred dollars, and for cause alleges, &c., &c., that the defendant was duly appointed such administrator, and entered upon his duties as such."

The account which was assigned by the heirs to the plaintiff, and which constituted the basis of her action, runs against the defendant as administrator. On the back of the petition, under the hand and seal of the County Judge, is his consent that the action may be prosecuted originally in the District Court. This consent was procured by the plaintiff, concurrently with the institution of this suit, under § 2395 of the Revision, which provides, that "claims [against an estate] for a mere money demand, where no lien is to be enforced, shall not, except with the approbation of the County Court, be prosecuted originally in the District Court." This consent would have been wholly unnecessary, if the action had been intended to be against the defendant personally. While in an action against him as administrator, for a mere money demand, like the one in suit, it would have been indispensable. On the other hand, in the body of the petition, are allegations to the effect that the defendant received and collected these rents "under pretense of his being entitled thereto as administrator," &c.

We would not say, under the authorities, that the Court might not have treated the words referring to the defendant's character as *descriptio personœ*, if this point had been made and insisted on by the plaintiff. We understand the rule on this subject to be (and we are aware of no provision of the Revision which changes or supersedes it), that where one

is sued *in autre droit*, and it appears from the allegations of the plaintiff, that the defendant is liable in his own right, the words "executor," &c., will be treated as surplusage, or as *descriptio personæ*. 1 Saund., Pl. & Ev., 1116; *Merritt* v. *Seaman*, 2 Seld., 168, and cases.

But for aught that appears from the record, the petition was treated by the plaintiff herself, on the argument of the demurrer in the District Court, as being against the defendant as administrator. Indeed the record favors the conclusion that it was thus treated both by counsel and Court. It would, therefore, be most manifestly unjust to allow the plaintiff to change her ground in this Court, and obtain a reversal, which could only be had by considering the action as against the defendant personally. The appellant's position is undoubtedly true, that the defendant as administrator had no authority to collect the rents and profits of the decedent's real estate. *Foteaux* v. *Lepage et al.*, 6 Iowa, 130; *Gladson* v. *Whitney*, 9 Id., 268; *Beezley* v. *Burgett*, 15 Id., 192. For on the death of the ancestor, his real estate descends, at once, to his heirs, charged, of course, with the liability to be eventually taken, if necessary for the the payment of his debts. Meanwhile, but subject to this liability, the heir may alien the property; is bound to pay the taxes on it, and of course is entitled to the possession and the rents and profits. *Piatt* v. *St. Clair's Heirs*, 6 Ohio, 555, 228; *Wilson* v. *Wilson*, 13 Barb., 252.

The administrator, as such, has no right to receive them, and if he does, he is individually liable to the heirs or their assignees. If the personal estate was insufficient to pay the debts, and if the administrator appropriated the rent and profits received by him, so as to relieve and free to that extent the lands of the heirs which would otherwise have been taken, this might be a defense, but this is a question which we do not decide.

The Court below rightly held that the widow before dower

assigned, had no right to sue in respect of the rents. But this question we cannot see to be material; because, as assignee of the heirs, she may sue, and stating more than is necessary is simply surplusage. Revision, § 2966.

Without positively pronouncing upon the point, we think the Court was also right in holding that all of the heirs need not join. See *Cole* v. *Patterson*, 25 Wend., 456.

The Court treating this as an action against the defendant as administrator, held that the heirs or their assignee could not recover without alleging that the estate had been settled, the creditors paid, and that a surplus remained in his hands for the heirs. This was correct, because if the suit was against the defendant in his representative capacity, any judgment against him would have to be a judgment *de bonis testatoris*, and not *de bonis propriis*. We the more readily affirm the judgment, for the reason that the plaintiff's rights are not barred, and may be asserted in a new and unambiguous action against the defendant as an individual.

Judgment affirmed.

COLE, J., being of counsel, took no part in the determination of this case.