## MADISON v. SHOCKLEY ET AL.

41  451
88  497

1. **Administrator de son tort:** LIABILITY. When the widow and heirs have appropriated all the assets of the estate prior to the appointment of the administrator, who is thus without means for the payment of its debts, they are liable therefor as administrators *de son tort*, to the extent of decedent's property which came into their hands.

2. ———: ———: ———. It is no defense in an action against them by a creditor, that an administrator had been appointed.

3. ———: PROPERTY CLAIMED BY MINOR SON. A minor will not be allowed to retain property against a creditor of the estate, under the claim that it was given him by his father for services rendered, the father never having surrendered possession.

*Appeal from Story Circuit Court.*

MONDAY, OCTOBER 25.

ACTION IN CHANCERY. The petition alleges that defendant, W. C. Shockley, is the administrator of the estate of Peter Oleson, deceased, and that the other defendants are the widow and heirs of decedent; that plaintiff holds a mortgage executed · by Able Oleson in his life, upon certain lands which, since his death, has been foreclosed and judgment rendered against the defendants who were parties to the foreclosure proceedings and thereon the land, covered by the mortgage, was sold for a sum not sufficient to pay the judgment, which, as to a part thereof, remains unsatisfied; that the 'widow and heirs of deceased abandoned the possession of the mortgaged land and removed from it a house, wood, rails, posts, timber, etc., and that the decedent owned a large amount of personal property, all of which, after his death, was disposed of by the widow and heirs, and applied in the purchase and improvement of another tract of land, the title of which is in the widow. The relief asked is that judgment be rendered against the widow and heirs of deceased for the amount remaining unpaid upon plaintiff's decree of foreclosure, and that such judgment be declared a· lien upon the land purchased with the proceeds of the personal

property sold by defendants. The relief prayed for was granted. Defendants appeal.

*J. S. Frazier*, for appellant.

Property bestowed upon the son by the father, while he is solvent, does not, at his death, become assets in the adminis· trator's hands for the payment of the debts of the estate. (Story's Eq. Jur., § 356; *Pierson v. Hersey*, 19 Iowa, 115; *Hunt v. Hoover*, 34 Id., 29.)

*N. A. Rainbolt* and *Thompson & McCall*, for appellees.

An administrator is a proper party to a foreclosure proceeding, and that a judgment against him was not filed as a claim against the estate is immaterial. The judgment cannot be attacked collaterally. (*Cole v. Conner*, 10 Iowa, 300; *Darlington v. Effy*, 13 Id., 179; *Harlin v. Stevenson*, 30 Id., 374.) A mortgage remains valid so long as any portion of the debt is unpaid. (*Chase v. Abbott*, 20 Iowa, 154.) When a widow assumes to administer the estate of her husband without legal authority and has made herself executor *de son tort*, she cannot take credit for that which under a legal administration would have been her own. (*Shaffner v. Grutzmacher*, 6 Iowa, 149.)

I.  BECK, J.  It appears from the evidence in the case that the administrator had received no assets of the estate, all of

1. ADMINIS-
TRATOR de
son tort: lia-
bility.

which, prior to his appointment, had gone into the hands of the widow and heirs and had been used by them in the purchase and improvement of the land which plaintiff seeks to subject to the payment of his claim. The widow and heirs became liable each as an administrator *de son tort*, in an action by a creditor to the extent of the value of the property of decedent that came into their hands. Code, § 2484. *Elder v. Littler*, 15 Iowa, 65. The assets of the estate appropriated by them were a fund for the payment of plaintiff's claim; equity would pursue this fund and subject property purchased with it to the

payment of the debts of the estate.   Plaintiff, therefore, cor-
rectly pursued his remedy in chancery to discover and subject
to his claim property which was purchased with the assets of
the estate.

II.   The fact that there was a lawfully appointed adminis-
trator of the estate is no reason, under the facts of the case,
2. ——: ——. against the right of plaintiff to the relief sought
by him.   The administrator holds no assets, for they had all
been appropriated by the widow and heirs before his appoint-
ment.   It is not shown that there are any claims against the
estate except plaintiffs, and we are authorized to presume,
from what we find in the record, that there are not.

III.   The defendant's counsel insist that no further relief
could have been granted upon the petition of plaintiff than
an order, authorized under Code, § 2379, that the assets of the
estate taken by defendants be delivered to the administrator.
But such an order is provided for in a proceeding expressly
intended to recover assets by the administrator.   If made it
could not have been enforced in this case, for the reason that
the assets had been converted into real estate and were not,
therefore, in the possession of defendants.

IV.   Counsel in the last place urge that if plaintiff can re-
cover in this action, he is not entitled to a sum as large as is
awarded to him by the decree.   A portion of the proceeds of
the property appropriated by the defendants, it is claimed,
was exempt from the debts of deceased, and the family were
entitled to another portion for their support.   Deducting from
the value of the assets appropriated by defendants, as fixed
by themselves, the value of the property which counsel claim
was exempt, there remains a sum about equal to the judgment
recovered by plaintiff.   The difference is too inconsiderable to
authorize us to disturb the decree.

We think defendants can claim nothing for their support in
addition to what the record shows they did receive.   They
used the real and personal property of the estate and appro-
priated an amount of money to their support.   It does not
appear that they were entitled to more.

It is claimed that a part of the personal property, with

which defendants are charged, belonged to one of the heirs.
3. ——: claim He claims that it was given him by the father in
by minor son. consideration of services rendered. The defendant
was at the time a minor, living with his father, who never
parted with the possession of the property. Under this state
of facts he could not hold it against a creditor of the estate.

The foregoing consideration disposes of all the questions
presented in the case. We find no well-grounded objection to
the decree. It is, therefore,

AFFIRMED.