KNIGHT DEXTER, Administrator, Appellant, v. ANNETTE P. HAYES *et al.*, Appellees.

**Estates of Decedents:** ADMINISTRATOR'S RIGHT TO RENTS OF LAND. Where the real estate of a decedent was mortgaged, and the mortgage was foreclosed and the land sold, but the widow and adult heirs were in possession during the year for redemption, and the administrator had no order of court to apply the rents and profits to the payment of claims, *held*, that he could not recover such rents and profits of the widow and heirs, though there were no other assets available for the payment of debts.

*Appeal from Tama District Court.*—HON. L. G. KINNE, Judge.

TUESDAY, MAY 23, 1893.

ACTION by the administrator of the estate of C. E. Hayes, deceased, to recover of the defendants, the widow and heirs of said deceased, the "rents, profits and avails" of the farm lands of which the deceased died seized. Judgment was entered dismissing the plaintiff's petition, from which he appeals.—*Affirmed.*

*W. H. Stivers* and *F. J. M. Wonser*, for appellant.

*Struble & Stiger*, for appellees.

GIVEN, J.—I.   The following statement of the facts made by the appellant is correct, and sufficiently presents the questions discussed:   "That appellant, since June 12, 1888, has been the administrator of the estate of C. E. Hayes, who died intestate, domiciled at Tama county, in this state, April 28, 1888, the owner of the east half of section twenty-eight, and the north half of the southeast quarter, and the southeast quarter

of the southeast quarter, of section twenty-one, all in township eighty-three, range fourteen west, in said county; that the last described forty was the homestead of the decedent, and the widow continues to occupy it as such; that the defendant Annette P. is the widow of said decedent, and the other defendants are their adult children; that the real estate owned by the said decedent at his death, except the said homestead forty, was mortgaged, and, after such death, the said mortgages were foreclosed, and the land sold thereby, subject to redemption, and during this right of redemption the said defendants took possession of said land, worked a part of it on their account, and rented a portion to others, receiving rents therefor, and have said rents in their possession; that there is an unpaid claim allowed against said estate aggregating over fifteen hundred dollars, and there is no property or avails of the said estate, except the said rents and profits, to pay the same; that defendants enjoyed the possession of the land to the value of one or two hundred dollars, and that said defendant Annette P. has in her possession about seven or eight hundred bushels of corn, the crop of said premises, and that they refuse to account to the appellant for the use of said premises or said rent, or turn over to him any of such rent. The testimony fully establishes the fact the reasonable value of the use of the land, during the said time it was held and occupied by defendant, to be from two dollars to three dollars per acre, and the amount of crops detained by defendants as rent to be of the value of at least six hundred dollars. There is no controversy as to the facts, except a slight difference as to the value of the use of the land, and of the value of the rents and profits realized therefrom by the defendants."

II.    Under our statute one-third in value of all the legal or equitable estate in real property possessed by her husband at any time during the marriage, which had

not been sold on execution or other judicial sale, and to which she had not made relinquishment of her right, passed to the defendant Annette Hayes, widow, in fee simple, upon the death of her husband. Code, section 2440. She had the right to elect whether her share should include the homestead, and to take the homestead in lieu of her distributive share in the real estate. Code, sections 2441, 1998. Upon the death of her husband Mrs. Hayes had a right to continue to possess and occupy the whole homestead until it was otherwise disposed of according to law (Code, section 2007). Subject to the rights of the widow and creditors of the estate, and in the absence of other arrangement by will, the estate of which the decedent died seized descended in equal shares to his children. Code, section 2453. The appellant cites section 3102 of the Code, giving the right to defendant in execution of one year to redeem, and the right of possession during that time. He also cites *Barnes v. Cavanagh*, 53 Iowa, 27, holding that the interest of a judgment defendant is subject to levy and sale, and contends that the use of the land during the period for redemption did not pass to the widow and heirs, but was subject to the debts of the estate. This right of redemption was an equitable estate in real property, and, in the absence of will or statute to the contrary, vested in the defendants immediately upon the death of Mr. Hayes. *Lepage v. McNamara*, 5 Iowa, 124; *Foteaux v. Lepage*, 6 Iowa, 124; *Beezley v. Burgett*, 15 Iowa, 192; *Laverty v. Woodward*, 16 Iowa, 1; *Kinsell v. Billings*, 35 Iowa, 156. The relinquishment of the widow was to the mortgagees only, and she might assert her rights as against all other creditors. It is clear that, in the absence of will or statute providing otherwise, the defendants were entitled to the use and rents of this land.

III. The only statutes under which executors and administrators are entitled to rents of real estate accru-

ing after the death of the owner are sections 2402 and
2403 of the Code. Under the first he may take posses-
sion, receive rents, etc., "if there be no heir or devisee
present and competent to take possession," and, under
the second, "under the order and direction of the
court, may apply the profits of such real estate to the
payment of taxes, and of debts and claims against the
estate of the deceased, in case the personal assets are
insufficient." In *Toerring v. Lamp*, 77 Iowa, 488, it is
held that section 2403 is not limited to real estate of
which the executor may take possession under section
2402, but applied to all the real estate of the decedent.
It is entirely clear that appellant was not entitled to
possession, and is not entitled to rents or profits, under
either of these sections, as the defendants were present
and competent to take possession, and appellant had
no order or direction of the court, as provided in sec-
tion 2403.

*Toerring v. Lamp*, 77 Iowa, 488, is distinguishable
from this case in several important particulars. This
is an action by the administrator to recover rent from
the widow and heirs, whose liability to any one is at
least questionable. That case was against the tenant
under a lease for twenty years, executed by the
deceased, and there was no question of the defendant's
liability to some one. In that case the administrator
had an order of court, made with the consent of the
widow and heirs, to collect that rent. In this there is
no such authority. It is said in that case: "It may be
that such consent was given with the understanding
that no right to them was thereby waived; but, under
the admitted facts of the case, the rents are not exempt,
and will have to be retained by plaintiff to dis-
charge the debts of the estate." Rents and profits,
like the real estate itself, may be subjected to the pay-
ment of debts when the personal assets are insufficient,
in the manner provided, but not otherwise.

*Madison v. Shockley*, 41 Iowa, 451, is cited. In that case the widow and heirs were each held liable as an administrator *de son tort*. They claim, in mitigation of judgment, their right to support, and in fixing the amount the court considered what they had received, including the use of the real and personal property. It is not there decided that an administrator is entitled to rents and profits of real estate. *In re Gable's Estate*, 79 Iowa, 178, is relied upon. In that case the administration was granted in Pennsylvania, and, at the request of the administrators, auxiliary administration was granted in Iowa for the purpose of selling lands in Iowa to pay debts. The lands were sold for that purpose, as provided by our statute, and all claims allowed in Iowa paid. There was a surplus in the hands of the Iowa administrator, and this court held that that surplus should go to the administrators in Pennsylvania, to pay debts there proved and unpaid, and not to the heirs. It was not land, but money derived from an authorized sale of land to pay debts, that was the subject of dispute. The question of the right of an administrator to rents and profits of real estate as against the widow and heirs was not in the case.

Our conclusion is that the judgment of the district court should be AFFIRMED.

KINNE, J., took no part in the determination of this cause.