## AMBROSIA H. CASTLEMAN vs. GABRIEL DU VAL.

*Landlord and Tenant—Time of Payment of Rent—Construction of Lease—Patent Ambiguity in Writing—Parol Evidence.*

Rent is not due and payable until the end of the term, unless there be some provision to the contrary in the lease.

Parol evidence is not admissible to explain a patent ambiguity appearing on the face of a writing.

A lease of a house provided "for the term of eleven months, beginning on the 20th October, 1897, and ending on the 20th September, 1898, at $641.63, payable $58.33 on the 20th day of each and every month." *Held*,

1st. That since there is no provision in the lease for the payment of the rent in advance, the general rule that rent is not due until earned will be applied, and the several instalments consequently fall due on the 20th calendar days occurring at the end of the respective months of the tenancy and not at the beginning.

2nd. That evidence that the lessee did pay the rent in advance during the earlier months of the tenancy, is not admissible to show that according to the true construction of the lease the rent was payable each month in advance, because the construction placed by a party upon an instrument of writing is not binding upon him, and also because the ambiguity as to the time of payment of the rent is patent, and therefore one which cannot be explained by parol evidence.

Appeal from a judgment of the Baltimore City Court (PHELPS, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE and SCHMUCKER, JJ.

*S. Gross Horwitz*, for the appellant.

*Henry C. Kennard*, for the appellee.

SCHMUCKER, J., delivered the opinion of the Court.

The main question presented by this appeal is whether under the terms of the lease appearing in the record the rent thereby reserved was payable in advance. The lease

was made in writing, under seal, from the appellee to the appellant, on October 12th, 1897. Its material part, being the clause fixing the length of the term and reserving the rent, is as follows : " *For the term of eleven months, begin-ning on the twentieth day of October, 1897, and ending on the twentieth day of September, 1898, at $641.63 (dollars) a—payable $58.33 on the 20th day of each and every month.*" A subsequent clause in the instrument authorized the lessor to distrain if the rent should at any time be five days in arrear.

The appellant entered upon the demised premises ; and on the 5th of May, 1898, when she had already paid six full monthly instalments of rent and $35.33 in addition on account of the seventh instalment, the appellee claiming that the rent was payable monthly in advance and that the seventh instalment was then in arrear, seized and carried away the appellant's furniture under a distraint.

The appellant sued the appellee in trespass for a wrong-ful taking of her chattels and from the judgment in that case this appeal was taken.

At the trial of the case in the Court below the appellant, who was plaintiff, put the lease in evidence, and proved among other things the fact and date of the distraint and also that she had at that time paid six full instalments of rent and the sum of $35.33 in addition on account of the then current month, and she further testified that no rent was due at the time of the distraint. The defendant then, upon cross-examination, offered to prove that the appellant paid the first instalment of rent on October 12th, 1897, the date of the lease, and that each of the six instalments had been paid by her in advance, and that she had received a receipt therefor stating that the payment was in advance ; and he also offered to put in evidence certain letters from the appellant to him, tending to prove that the six instal-ments of rent had each been paid at or near the beginning of one of the months of the tenancy. The appellant ob-jected to both of these offers, but the Court overruled the

objection and admitted the evidence, and the appellant took her first and second exceptions to such rulings.   There is also a third exception to the Court's rulings upon certain evidence which it is not necessary for us to notice.

After the appellant had closed her case the appellee offered a prayer taking the case from the Court sitting as a jury, which was as follows :    " The defendant reserving to himself his right under chapter 516 of Acts of 1894, sec. 87*a*, prays the Court to rule that under the pleadings and proof in this cause the plaintiff has offered no evidence legally sufficient to entitle her to recover," which the Court granted.   The appellant excepted to the granting of the prayer, and the verdict and judgment being against her, she appealed.

The first and important question which arises in this case is whether the times when the several instalments of rent, which were reserved by the lease, were to fall due can be ascertained from the terms of the lease itself, for if they can be so ascertained, parol evidence cannot be relied upon to aid in the construction of the instrument.    *Dixon* v. *Clayville*, 44 Md. 578 ; *Brown on Parol Evidence*, p. 158 ; *Underhill on Evidence*, sec. 206.

The lease creates a term of eleven months, or strictly speaking, of eleven months and one day, for it specifically provides that the term shall begin " *on the twentieth day of October, 1897*," and shall end " *on the twentieth day of September, 1898.*"    The rent of $641.83 is made payable in instalments of " $58.33 on the 20th day of each and every month."    The lease contains no express stipulation that the monthly instalments of rent are to be payable in advance or at the beginning of the respective months, nor any expression of like import, nor is there anything in its contents creating a necessary implication that it was the purpose of the parties to make the rent payable in advance.

The appellee relies largely upon the use in the lease of the words " payable $58 33 on the 20th day of each and every month," in reserving the rent, to support his conten-

tion that the several instalments were due on the 20th day
of the calendar month occurring at the beginning of the
respective months of the tenancy.  This contention does
not bear analysis, because there are but eleven instalments
of rent, and if we include, as we should, the day on which
the term begins and the one on which it ends, there are
twelve days in the term, each of which falls on the 20th
day of a calendar month.  Eleven of these 20th calendar
days occur at the end of the respective months of the ten-
ancy, and in the absence of any provision to the contrary
in the lease, the fair and rational construction of that paper
would be to presume that the parties to it were aware of
the well-settled proposition of law, that rent, in the absence
of a contrary provision in the lease, is not due until the
end of the term, and to hold them to have intended the
several instalments of rent to fall due on the 20th calendar
days which occur at the end of the respective months of
the tenancy.

If, however, the language of the lease is to be regarded
as doubtful and equally supporting the contention that the
rent was to be paid at the beginning, as that it was to be
paid at the end of the month, parol evidence would still be
inadmissible to aid in its construction, and we would be
compelled under the cases to resolve the doubt in favor of
the appellant, who is the grantee under the instrument.
*Hammond* v. *Ridgely*, 5 H. & J. 255 ; *Howard* v. *Rogers*,
4 H. & J. 281.

The general and well-established rule undoubtedly is
that, where no fraud or mistake is alleged, parol evidence
will not be admitted to aid in the construction of a sealed
instrument.  In *Howard* v. *Rogers, supra*, the Court thus
lay down the rule :  " The intention is to be collected from
the words of the deed as expressive of and defining the
meaning of the parties—the deed to be construed most
favorably for the grantee if there is any doubt about the
meaning of the parties.  Parol evidence is not to be ad-
mitted nor extraneous circumstances introduced in the ex-

position of deeds except in the single circumstance of a latent ambiguity." In *Clarke* v. *Lancaster's Lessee*, 36 Md. 203–4, this Court, in reversing the judgment of the lower Court, which had admitted parol evidence for the purpose of construing a deed, say it is "inconsistent with the legal attributes of such an instrument or its character of conclusiveness, as a specialty, that it should rest partly in writing and partly in parol. Where the ambiguity is not latent and raised by extrinsic evidence, but patent on the face of the instrument, parol evidence is not admissible to explain such ambiguity." In *Dance* v. *Dance*, 56 Md. 437, parol evidence was held not to be admissible to show that the understanding between the parties to a promissory note which bore interest but did not say when the interest was to fall due, was that the interest was to be paid annually. *Newcomer* v. *Cline*, 11 G. & J. 470–1; see also *Marshall* v. *Haney*, 4 Md. 505.

The only ambiguity in the present case is whether the 20th day of the month, on which the lease distinctly says the instalment of rent is to be paid, means the first or last day of the current month of the tenancy. This is manifestly a patent ambiguity, for it is apparent upon the face of the lease itself, and is therefore under the cases referred to by us not explainable by parol evidence.

The Courts have, it is true, so far departed from the rule entirely prohibiting the use of parol evidence in the construction of written instruments as to permit its use when the purpose is not to vary the terms or qualify the operation of the writing, but to identify its subject-matter or show the situation and relations of the parties or to prove an independent collateral fact about which the agreement is silent. These exceptions to the rule are very clearly stated by JUDGE MILLER in *Stockham* v. *Stockham*, 32 Md. 207; but in that same case, on page 209, the Court, in the opinion say: "It is well settled that a Court cannot be aided in the construction of any agreement by the acts which the parties may have done under it, nor is a party

bound by any construction he may have put on the instrument (*Ringgold* v. *Ringgold*, 1 H. & G. 74; *Hutchins* v. *Dixon*, 11 Md. 40), *a fortiori* the acts done by one party after the completion of the contract in furtherance of his understanding of it cannot bind the other party or be admissible in aid of its construction."

Now the parol evidence, which forms the basis of the exception now under consideration, consisted of proof of the acts done by the appellant under the lease, *i. e.*, the payment of the rent in advance and taking a receipt for it as having been so paid, which was introduced by the appellee, as he states in his brief, for the purpose of aiding in the construction of the lease. Under the cases which we have cited the Court below erred in admitting this evidence.

The appellant, in support of his right to introduce this evidence of the course of dealing of the parties under the lease in reference to the time of payment of the rent, cited a number of authorities from other States, but these, upon examination, were found, with the exception of the case of *Deyo* v. *Blakely*, 24 Barb. 13, where the circumstances of the case were special and unusual, to relate to and support the proposition that " *where rent is made payable generally, no time being fixed for its payment,*" an agreement as to the time of payment may be inferred from the practice of the parties in that respect. In the present case the rent was not reserved generally with no time fixed for its payment. It was definitely made payable by the terms of the lease itself in eleven instalments of a specified amount, one of which was to be paid on the 20th day of each month, and the whole difficulty consists in the opposite contentions of the parties as to whether the day at the beginning or the end of the several months of the tenancy was intended.

It would have been a simple matter for the appellee, if he desired to have his rent at the beginning of each month, to have required the lease to so state in clear and unmistakable terms. He did not do this, and he must stand upon

the lease in the form in which he saw fit to express himself in it.

The remedy of distraint which the law accords to the landlord for the recovery of overdue rent is a harsh, if not an oppressive one, and forms a conspicuous exception to the ordinary remedies for the collection of debts. The right to assert this unusual remedy, especially when it is to be adopted for the recovery of rent due in advance before it has been earned, should be clear beyond question, and should not be permitted to rest upon inference or implication, or on facts supplied by parol evidence in cases where there is a written instrument defining the landlord's rights, which does not clearly secure to him the right to collect his rent in advance.

It follows, as a matter of course, from what we have said in this opinion, that, in our view, the learned Judge below should not have granted the prayer of the appellee, ruling that there was no evidence in the case legally sufficient to entitle the appellant to recover.

The judgment will be reversed, and new trial awarded.

*Judgment reversed.*

(Decided June 22nd, 1899).