JENNIE KISTLER, DEFENDANT IN ERROR, v. JOHN Mc-BRIDE AND ELIZA McBRIDE, PLAINTIFFS IN ERROR.

Submitted December 11, 1900—Decided March 11, 1901.

Plaintiff was the tenant of one of the defendants, under a written lease, for the term of one year, from April 1st, 1899, at the rent of $202, "payable as follows: $22 a month for the six months, April, May, June, July, August and September, and $11.67 per month for the remainder of the year." *Held*—

1. That by the terms of the lease each monthly payment became due at the end of the month, and that a distress warrant for the August rent, issued and executed on August 2d, was premature.

2. That evidence that the parties, at the time of the execution of the lease, agreed, by parol, that each monthly portion of the rent should be paid in advance, was properly excluded, because it tended to alter and vary a written contract complete upon its face.

---

On error to the Supreme Court.

For the plaintiffs in error, *Samuel A. Patterson* and *William T. Hoffman.*

For the defendant in error, *R. Ten Broeck Stout.*

The opinion of the court was delivered by

MAGIE, CHANCELLOR. The issue tried in this cause was raised by a count charging defendants with having executed an illegal distress upon the goods of the plaintiff, to which count the plea filed was that of the general issue. The bill of exceptions discloses that the defendants did, in fact, issue and have executed upon the goods of the plaintiff a distress warrant, on the 2d day of August, 1899.

Plaintiff was the tenant of the defendant Eliza McBride, under a sealed lease for premises in Asbury Park, for the term of one year from the first day of April, 1899, at the rent of $202, payable as follows: $22 a month for the six months, April, May, June, July, August and September, and $11.67 per month for the remainder of the year.

It having been admitted by the defendants in the course of the trial that the plaintiff had paid the rent for April, May, June and July, it became a question whether any rent was due on August 2d, when the distress warrant was issued and executed.

The time when rent becomes payable may be fixed and determined by the express appointment of the parties to the deed. *2 Greenl. Cruise* 81.

It does not admit of question that, upon the written terms of the deed properly construed, the rent was payable monthly at the end of each month, for the principle is that rent in general does not accrue as a debt until the tenant has enjoyed the use of the land for the period for which it is payable. *Wood L. & T.*, § 450.

Upon that construction of the lease in evidence, and upon the admitted fact that the rent for the months previous to August had been paid, it is evident that no rent was due on the 2d day of August, and if no rent was due on that day, the

distress warrant was illegal, and those who issued it and executed it, by themselves or by an agent, were trespassers.

To meet this case the defendants proposed to ask the plaintiff the following question: "Did you not make an agreement with Mrs. McBride at the time the lease was executed that you would pay your rent in advance for the months mentioned in the lease?"

A valid agreement to pay rent in advance for each of the months in question would, beyond doubt, have caused the August rent to accrue and become due on the 1st day of August, and thereafter a distress warrant for that rent could have been legally issued and executed.

The question thus proposed to be asked was excluded by the trial judge, on the ground that the time of payment of the rent reserved was definitely fixed by the terms of the sealed instrument executed by the parties, and that evidence such as called for by the question was inadmissible tc alter or vary the terms of the contract thereby made.

The exclusion of this question was duly excepted to. The propriety of the ruling in that respect ought, in my judgment, to be considered upon the assignment of error thereon. For although the defendants were afterwards permitted to give evidence that at the time the lease was executed the parties thereto mutually agreed that the rent should be payable in advance in each month, this subsequent admission of evidence on that subject was expressly declared by the trial judge not to affect the purpose for which it had been originally offered, but only to enable defendants to insist that the parol agreement was believed by them to be binding, and that upon that belief they had issued and executed the distress warrant. This claim the trial judge deemed proper to admit, to meet the claim of the plaintiff for vindictive or punitive damages. In his charge to the jury the trial judge left to them the question whether such parol agreement had been made, but expressly charged them that if they believed it had been made, it would not prevent recovery, but might be considered by them with reference to whether the defendants' conduct in issuing the distress warrant was in good faith, under a belief of right, and not malicious.

The defendants cannot complain of the ruling of the trial judge in this respect, unless it was error to refuse to permit the jury to consider whether the parol agreement fixed the time for payment of rent. On this subject there is no room for doubt.

In the exhaustive opinion of the present Chief Justice, in the Supreme Court, in *Naumberg* v. *Young*, 15 *Vroom* 331, the admissibility of parol evidence of a contract between the parties to a contract put in writing was under consideration. The rule laid down and shown to be sanctioned by reason and authority was, that when a written contract upon its face appears to be a full expression of the terms of the parties' agreement and to leave nothing to be supplied by extrinsic evidence, parol evidence to vary or add to its terms is inadmissible. This clear and satisfactory rule, applied to this case, entirely justified the exclusion of the evidence in question. For the lease expressed upon its face the time of payment of the rent reserved, and parol evidence of an agreement for a different time plainly varied the written contract.

In *Oliver* v. *Phelps*, 1 *Zab.* 597, this court approved the admission of evidence in respect to the manner in which rent reserved by a written agreement should be paid, but this approval was expressly put, not upon the ground that such evidence disclosed a contract which would bind the landlord, but because, upon proof that payment had been made and accepted in that manner, it would be binding upon the landlord as an accord executed.

I have not been able to discover any ground to support the assignment of error. The result is that the judgment brought up by this writ must be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, FORT, BOGERT, KRUEGER, HENDRICKSON, ADAMS, VREDENBURGH, VOORHEES. 10.

*For reversal*—DIXON, GARRETSON. 2.