IN RE ESTATE OF JOHN P. JENSEN.

CLARA RASMUSSEN, Appellant, v. ANDREW NORBY, Executor, Appellee.

No. 44533.

Chas. S. White, for appellant.

T. M. Rasmussen, for appellee.

MITCHELL, J.—This is an action brought by Clara Rasmussen for the construction of a certain portion of the will of John P. Jensen. There is no dispute as to the facts.

John P. Jensen died testate on the 16th day of January, 1937, and his will was duly admitted to probate on the 27th day of January, 1937. Clara Rasmussen is a legatee, and under paragraphs 2 and 3 of said will she is bequeathed all of the personal property owned by the testator at the time of his death remaining after the payment of all just debts, including expenses and charges of his last sickness and funeral and the administration of his estate. At the date of his death decedent was the owner in fee simple of two farms. One was leased for the year commencing March 1, 1937, under an oral lease, for one-half of the corn, two-fifths of the small grain, and $5 per acre for all other land; the other was leased for the year commencing March 1,

1937, under a written contract, and two promissory notes in payment of the rent were executed. Decedent at the time of his death was the owner and holder of sheriff's certificate of sale, under foreclosure proceedings, covering certain lots in Kimballton, Iowa. Paragraph 4 of the will directed that the executor sell all of the real property owned by testator at the time of his death and then provided for the distribution of the money received from the sale of the real property.

A controversy has arisen between Clara Rasmussen, appellant, and the executor, first as to whether the rent of the real estate for the year commencing March 1, 1937, is to be considered as real or personal property; and second, whether the sheriff's certificate is to be considered real or personal property, under the terms of the will.

The lower court held that the rents belonged to the parties entitled to inherit the real estate under the will, and that the sheriff's certificate belonged to Clara Rasmussen, who was entitled to inherit the personal property. Clara Rasmussen has appealed from that portion of the decree holding that she is not entitled to the rents, and there is a cross-appeal by the executor from that part of the decree holding that the sheriff's certificate belonged to Clara Rasmussen.

I. We will first consider the appeal of Clara Rasmussen, who is designated as the appellant.

The difficulty that confronts us is not that of construing the will to ascertain the intent of the testator, but rather to determine what is personal and what is real property, under the laws and decisions of this State.

It must be kept in mind that in the case at bar the rents which are now claimed by Clara Rasmussen were not due. In fact, the period of the lease had not started. Testator died in January and the rents were not to commence to run until March 1st of that year. The question with which we are confronted has been determined by this court.

In the case of In re Estate of Dalton, 183 Iowa 1013, at page 1018, 168 N. W. 332, at page 334, the late Justice Ladd, speaking for this court, said:

"The general rule is that rents accruing after the owner's death belong to the heirs or devisees, as an incident to the ownership of the land which descends to them. Swift v. Flynn, 145

Iowa 630, 124 N. W. 626; In re Pennock's Estate, 122 Iowa 622, 98 N. W. 480; Dexter v. Hayes, 88 Iowa 493, 55 N. W. 491; Crane v. Guthrie, 47 Iowa 542; Laverty v. Woodward, 16 Iowa 1. In the absence of a stipulation to the contrary, rent does not accrue until the tenant has enjoyed the use of the land during the period for which it is payable; that is, at the expiration of the term, unless shorter periods are designated in specifying the rent reserved. Dixon v. Niccolls, 39 Ill. 372 (89 Am. Dec. 312); Castleman v. Du Val, 89 Md. 657 (43 Atl. 821); Wood v. Partridge, 11 Mass. 487; Kistler v. McBride, 65 N. J. L. 553 (48 Atl. 558). By agreement it may come due at an earlier date; and in this cause, the first rent note was payable November 1st following Dalton's death. When the crops may have matured was of no significance; for the rent was payable in money at a time in no manner dependent on the maturity or marketing thereof. Had the rental been a share of the crop, payable at maturity, then, of course, the rent would accrue at that time. Rents to accrue are chattels real, and, as said, pass upon the death of the owner to those who succeed to such ownership, i. e., the widow and heirs of said owner. 1 Woerner's Am. Law of Administration, Section 300; 24 Cyc. 1170, and cases collected in note.''

And so in the case at bar, the rents had not as yet accrued, and they passed upon the death of Jensen to those who under his will were to become the owners of said real property.

II. The question raised on the cross-appeal is whether or not the lower court erred in holding that the sheriff's certificate was personal property.

At the time of his death Jensen was the owner and holder of a sheriff's certificate, the period of redemption not yet having expired. Again we find that this very question has been decided by this court in the case of Greenlee v. North British and Mercantile Insurance Company, reported in 102 Iowa, at page 427, 71 N. W. 534, 63 Am. St. Rep. 455. This court, speaking thru the late Justice Deemer, at page 430, 71 N. W. at page 535, said:

''In the case of Curtis v. Millard, 14 Iowa 128, [81 Am. Dec. 460], we said, in speaking of the estate created by a sale under execution:

'' 'Now, the courts have frequently declared that the purchaser of lands on execution acquires by his purchase no more than a lien upon the lands for the amount of his bid and interest. During the time allowed for redemption, he acquires no

right or estate upon which he could maintain ejectment, or which could be levied upon and sold for his debts. It is simply an inchoate or conditional right to an estate, liable to be defeated any time within one year by the payment of the purchase money and interest.'

"So, also, in the case of Stanbrough v. Daniels, 77 Iowa 561, 42 N. W. 443, we said that one who held a certificate of purchase upon foreclosure proceedings is, during the year allowed by law for redemption, only a lienholder." And at page 431 of 102 Iowa, page 536 of 71 N. W., we read: "We have held that an interest in real estate is something more than a right to a remedy against it, and a lien therefore, whether special or general, is not an interest in lands. Andrews v. Burdick, 62 Iowa 714, 16 N. W. 275. As the sale upon execution gave to Atkinson nothing more than a lien, or at most an inchoate or conditional right to an estate, he acquired no interest in the property; and, if he acquired no interest Greenlee lost none. We do not overlook a statement made in the case of Shimer v. Hammond, 51 Iowa 401, 1 N. W. 656, to the effect that a purchaser at execution sale holds the equitable title to the property. But it is manifest that such statement was not essential to the determination of the controversy, and should therefore be regarded as dictum. It will be noticed that the conditions of the policy sued upon in this case do not avoid the policy in the event that the property should be incumbered by judgment, as did the provisions in the policies involved in the cases of Insurance Co. v. Schmidt [119 Pa. 449], 13 A. 317, and Hench v. Insurance Co. [122 Pa. 128], 15 A. 671, [9 Am. St. Rep. 74], relied upon by appellant. Hence these cases are not in point. Neither is the case of Hicks v. Insurance Co., 71 Iowa 119, 32 N. W. 201 [60 Am. Rep. 781], for the reason above stated, and for the further reason that it is expressly held in Lodge v. Insurance Co., 91 Iowa 103, 58 N. W. 1089, that a judgment is not an incumbrance, within the meaning of that term as used in insurance policies, explaining and distinguishing the Hicks case. To avoid the policy in this case, the judgments or other proceedings must change either the interest, title, or possession of the subject of insurance. As we have seen, they did neither."

To the same effect, see Wissmath P. Co. v. Miss. R. P. Co., 179 Iowa 1309, 162 N. W. 846, L. R. A. 1917F, 790.

Thus, in the case at bar the lower court was right in holding

that the sheriff's certificate was personal property and under the terms of the will passed to Clara Rasmussen.

It necessarily follows that this case must be, and it is hereby, affirmed on appellant's appeal, affirmed on cross-appeal of the executor.

SAGER, C. J., and all JUSTICES concur.