Dean **COLE** and **Marilyn Cole, Appellants,**

v.

**FIRST STATE BANK OF GREENE, Leon D. Steere and C. Jolene Steere, Appellees.**

No. 89–1482.

Supreme Court of Iowa.

Nov. 21, 1990.

Thomas A. Lawler, Parkersburg, for appellants.

Patrick G. Vickers of Vickers Law Office, Greene, for appellee First State Bank.

Norman R. Graven, Greene, for appellees Leon D. Steere and C. Jolene Steere.

Considered by HARRIS, P.J., and CARTER, LAVORATO, NEUMAN, and SNELL, JJ.

LAVORATO, Justice.

A state bank purchasing real property in a foreclosure sale must dispose of it within five years after title is vested in the bank. If the real property is agricultural land, the bank must first offer the prior owner an opportunity to repurchase it on the same terms the bank proposes to dispose of it. *See* Iowa Code § 524.910(2) (1987).

In this case the bank, following a foreclosure sale, immediately assigned the sheriff's certificate of sale to a third party. The question we must decide is whether the bank must first offer the prior owner the opportunity to repurchase. We must also decide whether the bank orally agreed to sell a portion of the foreclosed land to the prior owner.

The district court found against the prior owner on both issues. We agree and affirm.

I. *Background Facts and Proceedings.*

Dean and Marilyn Cole borrowed money from First State Bank of Greene. The loans were secured by a mortgage on the Coles' eighty-three-acre farm in Butler County.

When the Coles did not repay the loans as they agreed to do, the bank filed a foreclosure action against them. On November 24, 1986, the district court entered a decree of foreclosure. The court also awarded the bank a judgment against the Coles for $131,681.70 plus interest and costs.

Pursuant to a special execution, the Butler County sheriff levied on the property on November 26, 1986. On December 22, 1986, the Coles filed a designation of homestead. *See* Iowa Code § 654.16.

On January 9, 1987, the sheriff offered the property, with the exception of the homestead, for sale to the highest bidder. The sheriff received no bids. The sheriff then offered the designated homestead for sale but received no bids. Finally, the sheriff offered all the property for sale. The bank bid $80,000 for the property. It received a certificate of sheriff's sale on the same day.

The bank immediately assigned the sheriff's certificate to Leon D. Steere and C. Jolene Steere in exchange for $70,000. The

bank did not offer the Coles the opportunity to repurchase the property on the same terms and conditions.

The bank is a state bank as defined by Iowa Code chapter 524.

In July 1987 the Coles filed an application in the foreclosure action to determine the fair market value of the homestead. The court took no action on this application.

The Coles did not redeem the property during the one-year redemption period. *See* Iowa Code §§ 628.3, 654.16. On January 11, 1988, the sheriff delivered a sheriff's deed covering the property to the Steeres. *See* Iowa Code § 626.95.

In January 1988 the Coles filed suit in equity against the bank and the Steeres. They alleged three divisions. In Division I the Coles alleged that the district court's failure to determine the fair market value of the homestead in the foreclosure action denied them their right to redeem as provided in Iowa Code section 654.16. The Coles asked the court to determine the fair market value and give them thirty days to exercise their right of redemption.

In Division II the Coles alleged that the bank's failure to offer to assign its interest in the sheriff's certificate to the Coles for the same price the Steeres paid—$70,000—denied them their right of first refusal under Iowa Code section 524.910(2). The Coles asked the court to order the bank to make such an offer to them.

In Division III the Coles alleged an oral agreement between them and the bank. According to the Coles, the bank, before the foreclosure sale, agreed that if it were the highest bidder it would resell six acres of the property to them for $10,000.

Before the case reached trial, the bank filed a motion for adjudication of law points as to Division II. *See* Iowa R.Civ.P. 105. The court granted the motion. The court decided that section 524.910(2) does not require a state bank to give a mortgagor of agricultural land the right of first refusal when the bank assigns its certificate of sheriff's sale to a third party.

Following this ruling, the bank filed a motion for judgment on the pleadings as to Division II. Iowa R.Civ.P. 222. The district court, relying on its prior interpretation of section 524.910(2), granted the motion and dismissed Division II.

The bank also filed a motion for judgment on the pleadings as to Division I. The district court did not rule on the motion until after trial on Division III. In this motion, the bank cited our decision in *Federal Land Bank v. Arnold,* 426 N.W.2d 153 (Iowa 1988). The bank cited the case in support of its position that the homestead provisions of Iowa Code section 654.16 could not be applied retroactively to the foreclosure sale in January 1987.

The Coles did not resist the motion. In fact, in their posttrial brief, the Coles conceded that under *Arnold* the redemption provisions of section 654.16 did not apply to them. Because of our decision in *Arnold* and the Coles' concession, the district court granted the bank's motion for judgment on the pleadings and dismissed Division I in its final order.

As to Division III the district court found, among other things, that the Coles had not established the oral agreement. The court also dismissed this part of the suit.

The Coles appealed raising three issues: (1) whether they had a right to a fair market valuation of their homestead and a separate right to redeem the homestead pursuant to section 654.16; (2) whether the bank was required to give them the opportunity under section 524.910(2) to repurchase their farm on the same terms as Steeres purchased it; and (3) whether they established the oral agreement to purchase the homestead for $10,000 by clear, satisfactory, and convincing evidence.

II. *Iowa Code Section 654.16: Right to Fair Market Valuation of Homestead and Right to Redeem.*

■ In 1986 the Iowa Legislature amended Iowa Code chapter 654 by adding a new section, section 654.16. The new section was in two paragraphs and provided as follows:

If a foreclosure sale is ordered on agricultural land used for farming, as defined in section 175.2, the mortgagor may, by a date set by the court but not later than ten days before the sale, designate to the court the portion of the land which the mortgagor claims as a homestead. The homestead may be any contiguous portion of forty acres or less of the real estate subject to the foreclosure. The homestead shall contain the residence of the mortgagor and shall be as compact as practicable.

If the homestead is not sold separately, but rather is sold in conjunction with the nonhomestead property in order to satisfy the judgment, the court shall determine the fair market value of the homestead. The court may consult with the county appraisers appointed pursuant to section 450.24 to determine the fair market value of the homestead. The mortgagor may redeem the homestead separately by tendering the fair market value of the homestead pursuant to chapter 628.

1986 Iowa Acts ch. 1216, § 2 (codified at Iowa Code § 654.16 (1987)). This new section applied to all actions filed on or after the effective date of the Act which was May 31, 1986. *Id.* §§ 13, 15.

In 1987 the legislature amended section 654.16, effective June 4, 1987. The amendment retroactively extended the redemption period for agricultural homesteads in certain cases and revised the procedure for evaluating a homestead subject to redemption. *See* 1987 Iowa Acts ch. 142, §§ 4, 5, 28, 29. Section 4 of the Act provided that if a designated homestead is sold at a foreclosure sale to satisfy the judgment, the court shall determine its fair market value. Section 5 allowed the mortgagor to redeem the designated homestead by tendering the fair market value at any time within two years from the date of the foreclosure sale, pursuant to procedures set out in chapter 628.

However, the two-year redemption period in section 5 did not apply to a "member institution which ha[d] purchased a designated homestead at a foreclosure sale." A

member institution was defined as "any lending institution that is a member of the federal deposit insurance corporation, the federal savings and loan insurance corporation, the national credit union administration, or an affiliate of such institution." *Id.* § 5. In case of a member institution, the redemption period remained at one year. *Id.*

Section 28 of the Act applied sections 4 and 5 to

foreclosure sales of agricultural land held ... within one year before the effective date of [the] Act if the holder of the sheriff's certificate of sale is a mortgagee who has not sold or otherwise disposed of the agricultural land and whose mortgage was enforced by the foreclosure sale.

In *Arnold,* we held unconstitutional that portion of section 5 that granted à shorter period of redemption (one year) to member institutions. *Arnold,* 426 N.W.2d at 157–58. But we let stand a two-year period of redemption for all farmer-mortgagors. *Id.* We also held unconstitutional section 28 which made sections 4 and 5 retroactive. *Id.* at 161.

On appeal, the Coles rely on the 1986 legislation which added section 654.16 and not on the 1987 amendments to that statute. Simply put, the Coles are contending that our holding in *Arnold* does not bar their claim to relief under Division I.

The bank points out, and we agree, that the Coles waived any claim to relief under Division I. In their application for interlocutory appeal following the district court's adjudication of law ruling with respect to Division II, the Coles clearly stated:

[D]ivision one of plaintiff's petition is based on the failure to value the homestead which division was made moot by this court's decision in the *Federal Land Bank of Omaha v. Arnold,* No. 87–1309, decided June 15, 1988 [426 N.W.2d 153 (Iowa 1988)], in that the sheriff's sale in this case took place prior to the enactment of the legislation revising the procedure for valuing such homestead subject to redemption which this court has

held cannot apply to sales prior to the date of enactment.

In their posttrial brief the Coles again conceded that, because of *Arnold*, the redemption provisions of section 654.16 did not apply to them. In its decision the district court referred to this concession and, in reliance on it, dismissed Division I:

> In light of the Iowa Supreme Court's ruling in the *Arnold* case, plaintiffs now concede that Division I should be decided against them. As they stated in their post-trial brief:
>
>> On June 15, 1988, following the date plaintiffs filed their action, the Supreme Court of Iowa in the case of *Federal Land Bank of Omaha v. Arnold*, 426 N.W.2d 153 (Iowa 1988) held that the Act of the legislature enacted on May 25, 1987, was unconstitutional as to the provision making the application of the Act retroactive to Sheriff's sales in 1986. Plaintiffs' claimed relief under Division I of its Petition was based on this Act and the retroactive application of this Act. Plaintiffs' claim was that the homestead was not separately valued so that the plaintiffs had an opportunity to purchase the homestead separately. However, the Sheriff's sale was held prior to May 25, 1987, so the provisions of that Act do not apply to this sale.

The Coles could have alerted the district court to the position they now take on appeal through a rule 179(b) motion. *See* Iowa R.Civ.P. 179(b). They did not do so. *State Farm Mut. Auto. Ins. Co. v. Pflibsen*, 350 N.W.2d 202, 206 (Iowa 1984) ("It is well settled that a rule 179(b) motion is essential to preservation of error when a trial court fails to resolve an issue, claim, defense, or legal theory properly submitted to it for adjudication").

On appeal we determine the case on the same theory presented and tried to the district court. We do not give consideration to a theory or issue not initially raised. *See In re Staros*, 280 N.W.2d 409, 411 (Iowa 1979); *Aetna Casualty & Sur. Co. v. Jewett Lumber Co.*, 209 N.W.2d 48, 50 (Iowa 1973). We agree with the bank that it would be unfair to allow the Coles to revive a claim on appeal that they had abandoned in the district court. *See Miller v. Bonar*, 337 N.W.2d 523, 530 (Iowa 1983) ("Parties may not remain silent and allow the court to commit an inadvertent error only to raise it later on appeal").

III. *Iowa Code Section 524.910(2): Right of First Refusal.*

■ Iowa Code section 524.910(2), as amended in 1985, reads in part:

> Real property purchased by a state bank at sales upon foreclosure of mortgages or deeds of trust owned by it, or acquired upon judgments or decrees obtained or rendered for debts due it, or real property conveyed to it in satisfaction of debts previously contracted in the course of its business, or real property obtained by it through redemption as a junior mortgagee or judgment creditor, *shall be sold or otherwise disposed of by the state bank within five years after title is vested in the state bank.... Before the state bank sells or otherwise disposes of agricultural land held pursuant to this subsection, the state bank shall first offer the prior owner the opportunity to repurchase the agricultural land on the terms the state bank proposes to sell or dispose of the agricultural land.*

(Emphasis added.)

The Coles contend this statute applies to the uncontroverted facts in this case. As the Coles interpret the statute, the bank first had to offer the property to them on the same terms and conditions they proposed selling it to the Steeres.

In reaching this conclusion, the Coles focus on the first and last sentence of the statute. The first sentence refers to real property purchased by a state bank. The last sentence refers to the disposal of agricultural land "held pursuant to this subsection."

The Coles argue that a state bank acquires rights in or "purchases" the real property when it receives a sheriff's certificate of sale. According to the Coles, no purchase takes place when the sheriff's

certificate is delivered to the sheriff in return for the sheriff's deed following the one-year redemption period. The Coles view this last act as simply a ministerial duty on the part of the sheriff to complete the process that took place at the time of the sheriff's sale. So, according to the Coles, the state bank is holding the agricultural land "pursuant to this subsection."

Like the bank, we see a major flaw in the Coles' interpretation. We think it is legally inaccurate to say that a holder of a sheriff's certificate before redemption acquires rights in or purchases real property at the sheriff's sale. With respect to real property, the holder of a sheriff's certificate is only a lienholder whose lien does not constitute an interest in the real estate. *In re Estate of Jensen,* 225 Iowa 1249, 1252–54, 282 N.W. 712, 714–15 (1938). The interest of the certificate holder is simply personal property. *Id.* (sheriff's certificate under foreclosure proceedings, in which period of redemption had not yet expired, was personal property and on death of the certificate holder passed as personal property under will).

The legislature has itself defined personal and real property. Personal property includes, among other things, "evidences of debt" and "things in action." Iowa Code § 4.1(9). The legislature has defined real property, land, and real estate synonymously to include, among other things, "all rights [in the land], and interests [in the land], equitable as well as legal." Iowa Code § 4.1(8).

These legislative definitions are consistent with our holding in *Jensen.* A section 4.1(9) definition of personal property is broad enough to include such an interest. And a section 4.1(8) definition of land, real estate, and real property clearly excludes it.

Because the assignment here is not a sale or disposition of land, the assignment does not trigger the right of first refusal in section 524.910(2).

Other language in the statute militates against the Coles' position. More specifically, this language provides that the property shall "be sold or otherwise disposed of by the state bank within five years after title is *vested* in the state bank." Iowa Code § 524.910(2) (emphasis added). Title vests in the holder of a sheriff's certificate of sale when the redemption period expires and not before. *Cf. Farmers Prod. Credit Ass'n v. McFarland,* 374 N.W.2d 654, 658 (Iowa 1985) (mortgagor's title is not divested until statutory redemption period expires). So when a state bank assigns a sheriff's certificate of sale covering agricultural land before redemption, the right of first refusal does not apply. This is so because at the time of the assignment, title has not vested in the bank.

It may be that the legislature inadvertently excluded an assignment transaction like the one here from the ambit of section 524.910(2). We are inclined to think that is what happened because the statute is designed to give relief to financially beleaguered farmers who have lost their farms. The statute represents one last chance for them to reclaim property that might have been in the family for generations. But we are powerless to rewrite the statute to correct this omission. In interpreting statutes we avoid legislating. We consider ourselves bound by what the legislature said rather than what it should or might have said. *Hope Evangelical Lutheran Church v. Iowa Dep't of Revenue & Fin.,* 463 N.W.2d 76 (Iowa 1990).

In sum, we hold that the right of first refusal in section 524.910(2) does not apply to a transaction in which a state bank assigns its sheriff's certificate of sale before the period of redemption expires. We conclude that the district court correctly granted the motion to adjudicate law points and the motion for judgment on the pleadings regarding this issue.

IV. *The Alleged Oral Agreement.*

Finally, the Coles ask us to find that they established an oral agreement between the bank and them. According to the Coles, the bank orally agreed to sell them six acres, including the house and building, for $10,000 if the bank was the highest bidder at the foreclosure sale. The

Coles took the position that in reliance on this alleged oral agreement they did not request that the homestead be sold separately from the other property at the sheriff's sale. Among other things, the Coles ask us to order the Steeres to comply with the alleged oral agreement by selling the six acres to them for $10,000.

The bank contends no such promise was made. As it did in the district court, the bank asserts the statute of frauds as to the alleged oral agreement.

Following a bench trial, the district court first considered the Coles' evidence without regard to the statute of frauds. *See* Iowa Code § 622.32 (excluding evidence of oral agreements regarding transfer of any interest in land). In other words the court assumed, without deciding, that the evidence regarding the oral promise was admissible. The evidence from the Coles and from the bank conflicted on the question whether there was such an agreement. The court found that the bank's evidence was more credible and concluded that the Coles had not established an oral agreement.

In equity cases, especially when considering credibility of witnesses, we give weight to fact-findings of the district court, but we are not bound by them. Iowa R.App.P. 14(f)(7). This rule has special significance when we review conflicting evidence. *Schnabel v. Display Sign Serv., Inc.,* 219 N.W.2d 546, 549 (Iowa 1974). In our de novo review of the record, we agree that the bank's evidence is more credible and adopt the district court's findings of fact.

The court found that the bank did not experience any problems with the Coles' line of credit until December 1985. At that time the bank gave the Coles until April 1986 to secure financing to pay off the bank. The Coles, for the most part, ignored the bank's request to do something on their loans.

The court found that the Coles and their two sons met with a bank official in October 1986. The bank official expressed the bank's concern about the Coles' nonpayment of loans at this meeting. In an effort to resolve the matter quickly, the official told the Coles that if they would deed the property to the bank, the bank would sell them the. six acres for $10,000 and would finance the sale. The Coles did not respond to this offer. The bank and the Coles did not discuss any specific terms such as the legal description of the land to be sold, the terms of financing, or an interest rate on the unpaid balance.

Like the district court, we find this October 1986 discussion was nothing more than preliminary negotiations and not an agreement. The Coles had the burden to prove the alleged agreement by clear, satisfactory, and convincing evidence because they were asking for specific performance. *See Vaston v. Rupe,* 244 Iowa 609, 618, 57 N.W.2d 546, 551 (1953). They failed to do so.

Other independent evidence supports the bank's evidence about its offer to sell and finance in exchange for a deed to avoid further litigation expenses. For example, the Coles' lawyer wrote to the Coles about a month before the October 1986 meeting. In that letter, the lawyer informed the Coles that the bank would be more willing to consider settlement if settlement could be obtained without litigation.

In addition, evidence of the Coles' lack of response in other dealings with the bank tends to support the bank's evidence that the Coles took no action on the bank's offer. For example, the Coles did not attend mediation nor did they take any action to cure the default on their note. The Coles never contacted the bank about redeeming the property or buying the six acres from the time of the sheriff's sale until the commencement of this suit.

## V. *Disposition.*

In sum, we conclude that the Coles waived any claim that they had a right to a fair market valuation of their homestead and a separate right to redeem it pursuant to section 654.16. The district court correctly sustained the rule 105 motion and motion for judgment on the pleadings on this issue.

We also conclude that the right of first refusal in section 524.910(2) does not apply to the undisputed facts in this case. The court correctly sustained the bank's motion for judgment on the pleadings as to this issue and properly dismissed Division II.

Finally, on our de novo review, we find that the Coles failed to establish by clear, satisfactory, and convincing evidence the alleged oral agreement to sell back the six acres for $10,000. The district court properly dismissed Division III.

For all these reasons, we affirm.

AFFIRMED.