JOHN DOE, *ex dem.*, WILLIAM J. TINSLEY *et al.*, plaintiffs in error, *vs.* RICHARD ROE, *casual ejector*, and JOSEPH A. L. LEE, defendants in error.

1. A decree rendered against the defendant in a bill, with the word "executor" added to his name, without more, binds his personal goods and chattels.
2. The addition of the word "executor" to the defendant's name in the execution is a mere irregularity, which would not affect the purchaser's title.

Executors. Judicial sale. Execution. Before Judge JAMES JOHNSON. Muscogee Superior Court. May Term, 1873.

The decree and execution under which the land in controversy was sold, were as follows:

"SILAS B. TINSLEY, LARKIN TINSLEY *et al.*, *vs.* THOMAS W. HOWELL, executor of WILLIAM TINSLEY, deceased."
*Bill for Account and Injunction, in Chattahoochee Superior Court, November Term, 1856. Confession of judgment.*

Whereupon, it is considered and decreed by the court that the complainants do recover of the defendant the sum of $238 85, principal, and the sum of $48 74, interest thereon up to the 27th day of November, 1856; and the sum of $30 for costs, in this behalf paid out and expended, and for which execution may issue against said defendant.

"WILEY WILLIAMS,
Complainants' Solicitor."

"GEORGIA, CHATTAHOOCHEE COUNTY.

" *To all and singular the sheriffs of said State—greeting:*

" We command you, of the goods and chattels, lands and tenements of Thomas W. Howell, executor of William Tinsley, deceased, you cause to be made the sum of $238 85, principal, and the further sum of $48 73 interest up to the 27th day of November, 1856, and cost, which (certain parties therein named) the next of kin and legatees of William Tinsley, deceased, lately in our superior court, recovered against said Howell, executor of William Tinsley, deceased, principal, interest and costs, and that you have the said several sums of money before the judge of our said court, on the fourth Monday in November next, to render to the plaintiff the principal, interest and costs aforesaid, and have you then and there this writ.

"Witness the Honorable James Kiddoo, judge of our said court, this 16th day of December, 1856.

(Signed)        "NIMROD N. HOWARD, Clerk."

The sheriff's deed, made in accordance with the sale under the above decree and execution, was in the usual form.

For the remaining facts, see the decision.

A. H. CHAPPELL; J. M. RUSSELL; L. T. DOWNING, for plaintiffs in error.

BLANDFORD & CRAWFORD; JOSEPH F. POU, for defendants.

WARNER, Chief Justice.

This was an action of ejectment brought by the plaintiff on the several demises of Adams *et al.*, against the defendants, to recover the possession of a certain described tract of land in the county of Muscogee, containing three hundred and twelve acres. On the trial of the case the plaintiff offered in evidence a deed to the premises in dispute from William J. Tinsley to Howell, dated 1st June, 1853, recorded 4th July,

1853; also a deed from Howell to Adams, dated 30th August, 1858, and recorded 6th November, 1858, and proved that William J. Tinsley was in possession of the land for several years before and at the time he conveyed it to Howell, who remained in possession for a short time, and then went off, leaving Tinsley in possession as his tenant. The defendant offered in evidence a grant from the state to one Ovington, the drawer of lot number two hundred and sixty-one, dated 31st January, 1833; also, a deed made by William J. Tinsley to Lee, dated 16th February, 1856, the execution of which was proven by one of the subscribing witnesses thereto before Adams, as a justice of the peace, and recorded 11th July, 1857. The defendant offered in evidence a decree obtained in the superior court of Chattahoochee county, in favor of Silas R. Tinsley *et al.*, against Howell, executor of William Tinsley, deceased, in which it was ordered that an execution do issue against the defendant for the sum of money specified therein. This decree was obtained on the 27th of November, 1856. An execution was issued thereon against Howell, executor, and levied on the land in dispute, sold by the sheriff, and purchased by Lee, the sheriff executing to him a deed therefor, dated 8th of May, 1863. Lee was examined as a witness, and stated that Tinsley was in possession of the land when he purchased it from him, and thought he was the owner of it; that Adams, the plaintiff's lessor, knew that he went into the possession of it under his deed from Tinsley, and claimed it when he, Adams, purchased it from Howell. The jury, under the charge of the court, found a verdict for the defendant. A motion was made for a new trial on the several grounds specified therein, as contained in the record, which was overruled by the court, and the plaintiff excepted.

1. The real contest for the possession of the land is between Adams and Lee, and the question is, who, as between them, has the better title to it. Lee is in possession. Both parties claim to derive their title from William J. Tinsley. Howell purchased the land from Tinsley in July, 1853, and Adams purchased it from Howell in August, 1858. In Februa-

ry, 1856, Lee purchased it from Tinsley, of which purchase Adams had notice at that time, and knew that Lee went into possession of the land under that purchase.   Although there is evidence in the record that Tinsley, at the time Lee purchased the land from him, was in possession of it as the tenant of Howell, yet there is no evidence that Lee knew that fact, but on the contrary Lee states that when he purchased the land from Tinsley he thought he was the owner of it. But the land was subsequently levied on and sold as the property of Howell, under an execution issued on a judgment or decree of older date than Howell's deed to Adams, and Lee purchased the land at the sheriff's sale, to protect his possession under his purchase from Tinsley.   But it is contended that inasmuch as the decree on which the execution issued was obtained against Howell, executor, Lee acquired no title to the land as Howell's property at the sheriff's sale.   We think the decree against Howell, on which the execution issued, bound his individual property, on the statement of facts disclosed by the record.   The addition of "executor" to his name, without more, did not prevent the decree from binding his personal goods and chattels.

2.  The execution under which the land was sold by the sheriff, was not void, and the most that can be said of it is, that the word "executor" being added to the defendant's name was a mere irregularity, which would not affect the purchaser's title: Code, 2628.   Although there may have been some abstract errors in the charge of the court to the jury, still, in view of the facts contained in the record, we will not disturb their verdict for the alleged errors in the charge of the court, as given, or in refusing to charge as requested.

Let the judgment of the court below be affirmed.