JULIA THOMPSON, plaintiff in error, *vs*. THE STATE OF GEORGIA, defendant in error.

1. If neither the bill of exceptions, nor the motion for a new trial, show that on the trial of the case before the jury, objection was made to the admission of evidence, this court will not entertain an exception to the judgment on the ground that illegal evidence was admitted on the trial.
2. The verdict in this case is sustained by the evidence in the record.

Criminal law. Practice in the Supreme Court. Before Judge HOPKINS. Fulton Superior Court. March Term, 1874.

This case turned entirely upon the testimony, except as to a point of practice in the supreme court embraced in the first head-note. Any further report is deemed unnecessary.

W. F. WRIGHT; D. P. HILL; PEEPLES & HOWELL, for plaintiff in error.

JOHN T. GLENN, solicitor general, for the state.

McCAY, Judge.

1. This court has no original jurisdiction; it can only decide questions passed upon by the court below, or so involved in the judgment that they may or must have been passed upon. If evidence go before a jury without exception, the court commits no error in not excluding it. Parties often prefer to let testimony in that they would have a *legal right* to exclude,

and it is too late after they have taken the chances of a verdict in their favor, to complain that illegal evidence was admitted. To get a new trial, there must be error, and as we have said, it is not error to allow evidence not objected to. The bill of exceptions is, before this court, the only evidence of the rulings of the court, except as the record may otherwise disclose. This case seems to have been hurriedly brought up. Perhaps were the facts here, the party plaintiff might have some right to ask a reversal, but there is nothing set forth in the record, or certified by the judge, that will justify a reversal. The brief of the testimony is not any record of the rulings of the court; that is a simple record of the testimony as it went before the jury. The parol rulings of the court come here in the bill of exceptions, and it is not fair to the judge, nor to the parties, to take statements of what was done on the trial from the brief of the testimony.

2. Whilst the testimony is not overwhelming of the guilt of this defendant, yet there is, in our judgment, abundance to justify the verdict, and as the judge, who tried the case, is satisfied with the verdict, we are clear that we ought not to disturb it.

Judgment affirmed.