JAMES L. BROWN, plaintiff in error, *vs.* MALVINA M. WILSON *et al.*, defendants in error.

1. When an administrator is called on to account before the ordinary, at the instance of the distributees, and the cause goes to the superior court by appeal, the superior court can give final judgment on a verdict rendered in the appeal trial, and enforce collection by execution. After trial of the appeal, the case is not to be remanded to the ordinary for judgment and execution.

2. Affidavit of illegality cannot go behind the judgment if the defendant has had his day in court.

3. Injunction being denied, the execution may proceed as soon as the remittitur is filed in the clerk's office below.

Appeal. Administrators and executors. Ordinary. Levy and sale. Practice in the Supreme Court. Before Judge BARTLETT. Greene Superior Court. March Term, 1877.

An execution issued from the superior court of Greene county, in favor of Malvina M. Wilson and others, against James L. Brown, for $5,846.72, principal, $8.50 costs, with interest on the principal from March 18, 1876, and was levied upon certain property as belonging to the defendant. He filed an affidavit of illegality thereto setting up the following grounds:

1. Because the judgment upon which said execution was based was rendered by the superior court, whilst it could only properly have been rendered by the court of ordinary, as the case arose upon a citation of this defendant as the administrator of William L. Strain, to appear before the court of ordinary for a settlement with the heirs of such intestate, which was carried by appeal to the superior court.

2. Because the only legal judgment which could have been rendered in any court, would have been in the alternative, to-wit: first to be levied of the goods, etc., of the deceased, if any; if none, then of the goods, etc., of this defendant, and the execution should have conformed to such judgment, whilst the judgment and *fi. fa.* are both against the defendant personally.

3. Because said execution, and the judgment upon which it is founded, do not conform to the verdict, which is against defendant, "administrator."

4. Because some eight or nine months' interest has been added to the principal in the judgment and execution, which should have been kept separate, and thus prevented the compounding of interest.

5. Because after said execution had been restrained by order of the chancellor upon a bill filed by this defendant for injunction, without obtaining any authority under section 3215 of the Code, and before the remittitur from the supreme court was made the judgment of the superior court,

said *fi.fa.* was levied upon two other parcels of real estate belonging to this defendant, which it is now proceeding to sell.

Upon demurrer, the affidavit was stricken, and defendant excepted.

JOHN C. REED, by brief, for plaintiff in error.

COLUMBUS HEARD, for defendant.

BLECKLEY, Judge.

It is not denied that the *fi. fa.* follows the judgment. It is alleged, however, that the superior court could not render final judgment on the appeal, and enforce the same by execution. It is further alleged that the judgment actually rendered was not correct. The final ground of illegality is, that, before the remittitur from the supreme court was made the judgment of the superior court, the *fi. fa.* was levied upon more property, etc. Affidavit of illegality cannot go behind the judgment, where the defendant has had his day in court. Code, § 3671; 8. *Ga.*, 143; 11 *Ib.*, 137. There is no reason why the superior court could not render final judgment, and issue execution to enforce the same. An appeal from the ordinary carries up the whole record. Code, §3627. Where the result is a mere money recovery, the superior court is as competent to give effect to it as the ordinary. No statutory direction can be found for returning the case to the ordinary, and we know not why a direction should be considered as implied. Could the execution be levied before the judgment of the supreme court affirming the judgment below, denying injunction was made the judgment of the superior court? It is not alleged that the remittitur had not been filed in the office of the clerk of the superior court. When that was done, we think the execution could proceed, the injunction not having been granted, but denied, and the judgment denying it having been affirmed.

This we arrive at, by considering the reason and spirit of sections of the Code 3215 and 4287. The only possible order which could be passed in such a case would be for the execution to proceed.

Cited for plaintiff in error, Code, §§3627, 2600, 2599, 3573, 4287, 3215; 52 *Ga.*, 15; 27 *Ib.*, 330; 1 *Kelly*, 355; 3 *Ib.*, 126; 51 *Ga.*, 482. For defendant, Code, §§ 1844, 2599; 45 *Ga.*, 478; 54 *Ib.*, 180, 501; 56 *Ib.*, 534; *Anderson vs. Usher*, this term; Code, §§ 3215, 4287, 4286; 39 *Ga.*, 591, 597; 40 *Ib.*, 94, 157, 213; 42 *Ib.*, 233.

Judgment affirmed.