ANDERSON, administrator, *v.* FOSTER, executor, *et al.*

The estate of a testator is not liable for the wrongful act of the executor.

(*a*) Where the petition of an administrator against two executors of separate estates alleged, in substance, that a certain sum of money belonging to plaintiff's intestate, which was in the hands of one of these executors, was by such executor misapplied in part payment of a judgment rendered against himself as an individual and the plaintiff as administrator, and that the other defendant, as the executor of an estate which owned the judgment, received the money, knowing at the time of its reception of the misappropriation, such petition stated no cause of action against the defendants in their respective representative capacities.

Submitted April 25, 1898. — Decided February 3, 1899.

Complaint. Before B. E. Thrasher, judge pro hac vice. Morgan superior court. September term, 1897.

This was an action by Anderson, administrator of A. W. Foster, against F. C. Foster, executor of A. G. Foster, and against E. W. Butler, executor of Joshua Hill. The petition alleged: A. G. Foster died testate in 1880, and his will was probated in the court of ordinary of the county at the August term, 1880, and F. C. Foster was nominated as one of the executors of the will, and qualified as sole executor August 2, 1880, and has never been discharged as such executor. Joshua Hill died testate in 1891. His will was probated in the court of ordinary of the county at the May term, 1891, and E. W. Butler, who was nominated as his executor, qualified as such May 4, 1891, and has never been discharged as such executor. Petitioner's intestate was a son of said A. G. Foster, and a legatee under his

said will, and under the terms of the will all of the property of the testator, after payment of certain specified legacies to the testator's wife as therein stated, was bequeathed to the testator's children, six in number, to be equally divided between them. A. G. Foster had no debts at the time of his death, and his estate is solvent. F. C. Foster, executor of A. G. Foster, and E. W. Butler, executor of Joshua Hill, are indebted to petitioner as administrator as aforesaid, $273.20, besides interest from January 2, 1895, at 7 per cent. per annum; for that F. C. Foster, executor as aforesaid, received on January 1, 1895, $2,000 which had been deposited by A. G. Foster in one of the banks in Augusta, Ga., which sum was a part of the property of said testator, as devised in the residuary clause of said will to be equally divided between all of his children. Of said $2,000 the sum of $273.20 was the property of the estate of Albert W. Foster, deceased, and was due and payable by F. C. Foster, executor as aforesaid, to petitioner as administrator of Albert W. Foster. The estate of Albert W. Foster is insolvent, and though F. C. Foster, executor as aforesaid, knew, at the time of the receipt of the $2,000, that Albert W. Foster had died intestate; that petitioner was his duly qualified administrator; that his estate was insolvent, and that of the $2,000 so received by him $273.20 was due to the estate of Albert W. Foster and was payable only to petitioner, he nevertheless, without petitioner's consent or knowledge and without authority of law, on January 2, 1895, paid said share of Albert W. Foster to E. W. Butler as executor of Joshua Hill, and it has been applied by said Butler, executor as aforesaid, in part payment of an execution issued from the city court of Atlanta, based on a judgment rendered in said court April 17, 1894, in favor of E. W. Butler, executor of Joshua Hill, against F. C. Foster and petitioner as administrator of A. W. Foster. At the time of the receipt of the $273.20 by E. W. Butler, executor, he knew that A. W. Foster had died intestate, that his estate was insolvent, that petitioner was his duly qualified administrator, and that the $273.20 so received by him was the money of and was due and owing to the estate of A. W. Foster by said F. C. Foster, executor of A. G. Foster, and that said Foster had no authority in law or equity to misapply

said fund.   By reason of this knowledge E. W. Butler, executor as aforesaid, at and before the time he received the $273.20, became, by virtue of the law in such cases provided, jointly liable with F. C. Foster, executor of A. G. Foster, to the petitioner as administrator as aforesaid, in the sum of $273.20, besides interest as stated.   Petitioner, as administrator as aforesaid, has demanded payment of said $273.20 and interest, both from F. C. Foster, executor of A. G. Foster, and from E. W. Butler, executor of Joshua Hill, and they refused and now refuse to pay the same.   Attached to the petition was a copy of the will, which was to the effect stated in the petition.   Process was prayed against F. C. Foster, executor of A. G. Foster, and against E. W. Butler, executor of Joshua Hill.

F. C. Foster, executor, demurred to the petition, on the ground that the estate of A. G. Foster ought not to be held liable for any act of F. C. Foster not in his representative character as executor of A. G. Foster.   E. W. Butler demurred on the grounds, that there was a misjoinder of action and parties; that the plaintiff's remedy, if he had any, was against the estate of A. G. Foster, and not against the estate of Joshua Hill; and that no sufficient cause of action was alleged against Butler as executor of Hill.   The court sustained both demurrers, and plaintiff excepted.

W. R. Mustin, for plaintiff.
F. C. Foster and E. W. Butler, for defendants.

FISH, J.   This case, as the record shows, was treated in the trial below, by all the parties thereto and the judge, as an action against F. C. Foster and E. W. Butler as the executors respectively of the wills of A. G. Foster and Joshua Hill, deceased. It was argued before this court by both sides upon this theory. Whatever, therefore, may have been the true legal character of the petition, this court, under the circumstances, will consider it as against the defendants in their representative capacities.   In Laverty v. Woodward, 16 Iowa, 1, it was held that where the descriptive words " executor of " etc., were not treated as surplusage by the parties or either of them in the trial court, they would not be so considered in the Supreme Court.   In Twitty

*v.* McGill, 31 Minn. 536, the declaration did not clearly disclose whether it was intended to charge the defendant individually or in his representative capacity. In deciding an interlocutory motion the court construed the declaration as being against the defendant in his representative character. The plaintiff proceeded to trial without electing in which manner to prosecute the action, and offered no amendment. It was held that he could not afterwards contend that the action was against the defendant personally. See *Aultman* v. *Mason, 83 Ga.* 218.

As will be seen from the petition, the substance of which is set forth in the reporter's statement, the plaintiff, as administrator of Albert W. Foster, sought to recover of the defendants for assets of the plaintiff's intestate alleged to have been misapplied and misappropriated by the defendants. As before stated, the action was treated as charging the defendants as executors with the misapplication of such assets. The controlling question, under the demurrers, therefore, is, did the petition state a cause of action against the defendants in their capacities as executors? In other words, were the estates of A. G. Foster and Joshua Hill liable to the plaintiff, if the allegations in his petition were true? We think not. While it is true that under section 3200 of the Civil Code, " all persons aiding and assisting trustees of any character, with a knowledge of their misconduct, in misapplying assets, are directly accountable to the persons injured," yet it is a personal liability that the law puts upon the trustee and those aiding him in such misappropriation of trust funds. The rule that an executor or administrator is liable individually, and not in his representative capacity, for injury to third parties by his tortious acts, is well established. 3 Williams, Ex'rs, *1691,. 1726, and note 1; Schouler, Ex'rs, §§ 383-385. If F. C. Foster, as executor of A. G. Foster, had money in his hands belonging to the estate of plaintiff's intestate, and wrongfully paid it to E. W. Butler as executor of Hill, and Butler received it with knowledge of F. C. Foster's misapplication of it, then they were joint tort-feasors, and, without more, liable individually to plaintiff as administrator, but manifestly the estates which they respectively represented would not be chargeable with their misdoing.

The fact that Butler received the money as the executor of Hill, knowing that it belonged to the estate of plaintiff's intestate, and appropriated it upon an execution in favor of Butler as executor of Hill, against plaintiff as administrator of Albert W. Foster, would not render the estate of Hill chargeable for Butler's wrongful receipt of the money. This is not an action against Butler as executor, for money had and received for use of plaintiff as administrator, nor an attempt to make Hill's estate liable for money belonging to plaintiff's intestate, of which it has received the benefit, but, as before stated, is an effort to recover of the estates of Hill and A. G. Foster for the alleged misapplication of assets of the estate of plaintiff's intestate by the defendants. Whether, conceding all the allegations of the petition, the plaintiff could recover of the defendants, or either of them, in any capacity, or in any form of action, we do not decide, for the simple reason that such questions are not in this case.

There was no error in sustaining the demurrers to the petition, on the ground that it set out no cause of action against the defendants as executors.

*Judgment affirmed.    All the Justices concurring.*