## BRASWELL v. HICKS, administrator.

While it is a well-established rule of law that a judgment rendered against one sued as an individual is not conclusive of any right he may have in a representative capacity, such as executor, administrator, or guardian, yet where, in defense to an action brought against one as an individual, he files an answer which practically, though not in express terms, makes him in his character as administrator of a deceased person a defendant to the action and defends in the right of his intestate's estate, the estate is concluded by the judgment rendered in that action.

Argued February 1,—Decided March 16, 1899.

Equitable petition. Before Judge Gamble. Jefferson superior court. May term, 1898.

*Vernon B. Robinson* and *Cain & Polhill*, by *James K. Hines*, for plaintiff in error.

*Evans & Evans, J. B. Hicks* and *Hudson & Wright*, contra.

SIMMONS, C. J. It appears from the record that T. A. Parsons Sr. died. A woman named Jane Ennis, now Braswell, opened his trunk and took therefrom money to the amount of $1,200, claiming it as her own. She afterwards deposited it with Hicks, the present defendant in error. Shortly thereafter Hicks was made administrator of Parsons. Mrs. Braswell demanded of him the money deposited, and he refused to surrender it; whereupon she brought her action of trover against Hicks individually, to recover the money. Hicks pleaded, in substance, that, after he had received the money from her, he had ascertained that it was not her money but that it belonged to the estate of Parsons, his intestate; that he had been appointed administrator of that estate, and that as such administrator he claimed the money. He attached copy of his letters of administration. Upon the trial of that case, the jury returned a verdict in favor of the plaintiff against Hicks. Judgment was rendered, and an execution, issued thereon, was levied upon certain lands of Hicks. He then filed an equitable petition wherein he alleged the foregoing facts and further alleged the insolvency of Mrs. Braswell. He prayed an injunction restraining the sale of the land, and that the money might be decreed to be the property of the estate of Parsons.

To this petition Mrs. Braswell filed a plea of res judicata, attaching thereto the declaration in the trover suit, the plea of Hicks, and the judgment. Hicks demurred to this plea, upon the ground that the suits were not between the same parties, that the first suit was between defendant and Hicks individually and the second between her and Hicks as administrator. The court sustained this demurrer and struck the plea. The defendant excepted to this ruling and assigns error thereon.

It is a general rule, well recognized by all the courts, that a judgment against a person as an individual will not bind him as administrator. See discussion of this subject in Hukm Chand, Res Judicata, 158 et seq., particularly § 81; Bigelow, Estoppel, 130; 1 Herrman, Est. & Res Jud., § 94; 21 Am. & Eng. Enc. L. 134 et seq. There are, however, certain exceptions to this rule. One of these is, that where a person sued as an individual voluntarily pleads in that suit his rights in a representative capacity, as administrator, executor, guardian, or trustee, and the issue thus raised by his plea is passed upon by the court, a judgment in that suit binds him in both capacities, as an individual and as a representative. It is not necessary in order that the judgment should be so binding that an order should be taken making him party in his representative capacity. The fact that he pleads in that capacity and that the issue so raised by him is passed upon by the court binds him without a formal order making him a party in his representative capacity. As was said by Searls, C. J., in the case of Stockton Building & Loan Ass'n v. Chalmers, 75 Cal. 332, 7 Am. St. Rep. 173, quoted with approval by Hukm Chand (p. 182), "It may well be that a party who voluntarily files an answer in a cause without an order of court making him a party defendant, and who goes to trial upon the issues made by his answer to the complaint, will be concluded by the judgment rendered on the trial of such issues and estopped from denying that he was a party to the action." Hukm Chand adds: "On the same principle, a decree in a suit brought by an executor in his own right, but to which he was a necessary party as executor, and in which the rights of his testator are adjudicated, is conclusive between the administrator de bonis

non and the other parties to it, and can not be re-examined in a subsequent suit between them." Hicks filed his plea both as an individual and as administrator, and, as administrator, claimed the property. That issue was tried by the court and adjudicated against him, and he is in both capacities bound by the judgment. If he had not filed such a plea and the case had been tried between him individually and the plaintiff, the judgment would not have been binding upon him as administrator. But by his plea he practically became a litigant in his representative capacity and was in that capacity concluded by the judgment rendered in the case. In the case of *Jenkins* v. *Nolan*, 79 *Ga.* 295, it was held: "To a bill by an executor for direction and for relief, in which he is personally interested as creditor and as surety of his testator, he is a party in his individual capacity also, and as such is bound by the decree." See also *Fouche* v. *Harison*, 78 *Ga.* 359, 410. We think, therefore, that under the facts set up in the defendant's plea Hicks was estopped to deny the binding force and effect of the judgment rendered against him in the trover suit, upon his plea in that case, and the court erred in sustaining his demurrer to the plea of Mrs. Braswell. The court having ruled erroneously upon the plea, the trial had thereafter was nugatory, and it is unnecessary now to deal with the questions made in the motion for new trial.

*Judgment reversed.    All the Justices concurring.*