## BOYETT v. BAINBRIDGE STATE BANK.

1. There is no merit in the motion to dismiss the bill of exceptions for the want of sufficient assignment of error.
2. Under the facts of the case, the judgment overruling the motion to dismiss the motion for a new trial will not be reversed.
3. The verdict was not demanded under the law and the evidence, and the first grant of a new trial will not be disturbed.

AUGUST 18, 1911.

Complaint. Before Judge Frank Park. Decatur superior court. May 20, 1910.

*W. H. Krause,* for plaintiff in error.

*Hawes & Pottle* and *John R. Wilson,* contra.

FISH, C. J. 1. Under the Civil Code (1910), § 6183, the Supreme Court will not dismiss a writ of error, "where there is enough in the bill of exceptions or transcript of the record presented, or both together, to enable the court to ascertain substantially the real questions in the case which the parties seek to have decided therein." Therefore a bill of exceptions contains enough to enable this court to ascertain the point adjudicated by the trial court, and sought to be reviewed, where it appears from the bill of exceptions, that "the cause of the Bainbridge State Bank against Gordon L. Boyett" was tried at a given term of a superior court; that a verdict was rendered therein in favor of the defendant; that "at the same . . . term of the court a motion for a new trial in said cause of the Bainbridge State Bank against Gordon L. Boyett was filed by one Jessie R. Williams for the use of said bank," and when such motion came on for a hearing, "the respondent Gordon L. Boyett duly filed his motion to dismiss said motion for a new trial, upon the grounds that no party to the cause had filed any motion for a new trial in said cause, which motion to dismiss is specified as a part of the record, and which motion was by the court on said date overruled, to which ruling and judgment, which would be a final adjudication, said respondent excepted and now excepts and assigns same as error;" and that "the court granted a new trial in the cause of the Bainbridge State Bank against Gordon L. Boyett, to which ruling and judgment of the court respondent excepted, and now excepts and assigns same as error." The motion to dismiss the writ of error must therefore be denied. *Patterson v. Beck,* 133 *Ga.* 701 (66 S. E. 911).

44

2. In an equitable action brought by the Bainbridge State Bank against Gordon L. Boyett the petition alleged: The plaintiff is the bona fide owner of a promissory note executed by the defendant and payable to the order of Jessie R. Williams; the note was given for part of the purchase-money of described realty sold by Williams to the defendant, and for which Williams had given the defendant a bond for title; the note contained a waiver of homestead and exemption; the defendant had been adjudicated a bankrupt, and certain described property, including the realty for part of the purchase-money of which the note was given, had been set apart as a homestead and exemption by the trustee in bankruptcy to the defendant, who is now in possession of the same; the note was not proved in the court of bankruptcy, nor did the plaintiff appear in the bankruptcy proceedings; the defendant has never been discharged in bankruptcy; and a judgment in rem is prayed against such exempted property. The petition was directed to the city court of Bainbridge, Decatur county, and was marked "Filed in office April 20, 1909," signed by "C. W. Wimberley, Clerk;" an amendment to the petition was marked "Filed in office April 21, 1909," signed by "C. W. Wimberley, Clerk." The act creating the city court of Bainbridge provided that the clerk of the superior court of Decatur county should be ex-officio clerk of the city court of Bainbridge. In the amendment to the petition the cause was stated as "Jessie R. Williams for use of Bainbridge State Bank *v.* Gordon L. Boyett. Complaint. Superior Court Decatur County. May Term, 1909;" the amendment sought to change the address of the petition from the city court of Bainbridge to the superior court of Decatur county; process was issued from the superior court of Decatur county, and was served upon the defendant; on May 15, 1909, the defendant filed in the superior court of Decatur county a motion to dismiss the cause, upon the ground that the petition was addressed to the city court of Bainbridge, and that the superior court, therefore, had no jurisdiction of the cause. This motion was headed "Georgia, Decatur County. Jessie R. Williams for use of Bainbridge State Bank *v.* Gordon L. Boyett. In Superior Court said county. May Term, 1909. Bill in Equity." On the last-named date the defendant also filed in such superior court a plea in which the cause was stated as in his motion to dismiss. The amendment to the petition was allowed upon the

trial at the November term, 1909, of the superior court. There was a verdict in favor of the defendant. A motion for a new trial was made in the name of "Jessie R. Williams for use of Bainbridge State Bank." Upon the hearing of the motion the respondent, Boyett, moved to dismiss the same, upon the ground that the action was brought by the Bainbridge State Bank, and no amendment had been allowed providing that the cause proceed in the name of Jessie R. Williams for the use of the Bainbridge State Bank, and therefore that no motion for a new trial had been made in the name of any party to the cause. The court overruled this motion, and Boyett excepted.

Under the facts stated, we are of the opinion that the ruling of the court in refusing to dismiss the motion for a new trial should not be reversed. In the amendment to the petition, as well as in the defendant's motion to dismiss the case, and in his plea, the case was stated as in the name of Jessie R. Williams for the use of the Bainbridge State Bank against the defendant. Both parties in all the pleadings, except the original petition, having stated the cause as being in the name of Jessie R. Williams for the use of the Bainbridge State Bank, and it having been finally tried as a cause of that character, the defendant, after having obtained a verdict and judgment, should not be allowed to subsequently urge the point that Jessie R. Williams was not a party to the cause, especially in view of the fact that she was a mere nominal party, and that the Bainbridge State Bank in whose name the action was originally brought was the party at interest in the cause, and in the motion for a new trial made therein. In this connection see *Anderson* v. *Foster,* 105 *Ga.* 563, 565 (32 S. E. 373); *Gate City Terminal Co.* v. *Thrower,* 136 *Ga.* 456 (71 S. E. 903).

3. Error is assigned in the bill of exceptions upon the grant of a new trial. From an examination of the record it appears that a verdict in favor of the defendant, Boyett, was not demanded under the law and the evidence. It follows that the discretion of the trial judge in granting the first new trial will not be disturbed.

*Judgment affirmed. Beck, J., absent. The other Justices concur.*