*T. H. Scott,* contra.

---

WADLEY, executor, *v.* OERTEL, executor, *et al.*

1. Where a statutory action to recover land and mesne profits was brought against two persons, the name of one of whom in the petition was followed by the words "executor" of a named person; and where such defendant filed a plea of prescription as executor of his testator, and after the case was lost, and a motion for a new trial was overruled, he, in his representative character, joined in a bill of exceptions and in executing a supersedeas bond, after affirmance of the judgment an injunction will not be granted to restrain the execution of a writ of possession, on the ground that the judgment only bound him individually and did not preclude him from asserting the title claimed by the estate.
2. If the judgment for mesne profits and the execution issued thereon only authorized the realizing of the amount de bonis propriis, and not de bonis testatoris, this would not require an injunction, but the levy could be met by affidavit of illegality.

JULY 18, 1913.

Petition for injunction.   Before Judge Hammond.   Richmond superior court.   April 5, 1913.

On August 21, 1906, Benjamin A. Chew and others brought an action to recover land against H. L. Chichester Jr., and "W. M. Wadley, executor of Wm. O. Wadley, deceased," in the superior court of Jenkins county.   It was alleged, that the defendants were in possession of certain described land, to which the plaintiffs claimed title; and that the defendants had received the profits therefrom, and refused to deliver the land or profits to the plaintiffs.   An abstract of title under the process stated the case to be against "H. L. Chichester Jr., W. M. Wadley, executor of W. O. Wadley," and commanded "H. L. Chichester Jr., of the county of Jenkins,

and W. M. Wadley, executor, of the county of Monroe," to be and appear, etc. The sheriff of Jenkins county made an entry of service "on defendant" by leaving a copy at his most notorious place of abode. An answer was filed, which began "and now come the defendants in the above-stated case," etc. They admitted possession of the land and the receipt of profits therefrom, but denied that the plaintiffs had title. Pending the suit an amendment was offered so as to make the plea read, "And now comes defendant, H. L. Chichester, in the above-stated case," etc., and to change the plural to the singular number in other parts of the answer. The court refused to allow this amendment. Subsequently one Oertel, as executor of Benjamin A. Chew, and W. E. Platt, as administrator of another of the original plaintiffs, presented their petition, alleging that these two plaintiffs had died, and that the petitioners were their legal representatives, and desired to be made parties in their stead. On this petition service was acknowledged by a firm of attorneys "for H. L. Chichester Jr., W. M. Wadley, executor of the est. of W. O. Wadley, deceased." An order was passed making the petitioners parties in lieu of the two deceased plaintiffs. The jury found for the plaintiffs the premises sued for, and a certain amount as mesne profits; and a judgment was entered accordingly. A motion for a new trial was overruled, and the defendants excepted. The bill of exceptions so filed recited that there came on to be heard the case of "Ruth Chew LeCato, T. E. Oertel, executor of Benj. A. Chew, and W. E. Platt, administrator of Hull S. Chew, against H. L. Chichester Jr., and Wm. M. Wadley, executor of W. O. Wadley.'" After reciting the overruling of the motion for a new trial, it then concluded: "Wherefore the plaintiffs in error, W. M. Wadley, as executor of W. O. Wadley, deceased, and H. L. Chichester Jr., come now within thirty days of the overruling of their said motion for new trial," etc. A supersedeas bond was given. In the caption the defendants were named as "H. L. Chichester Jr., and W. M. Wadley, executor W. O. Wadley." In the body of the bond it was declared: "Now, therefore, we, H. L. Chichester Jr., and W. M. Wadley, as executor of W. O. Wadley, as principals, and Georgia Life Insurance Company as surety, do hereby acknowledge ourselves safely and firmly bound unto the said plaintiffs," etc. It was signed "Wm. M. Wadley, as executor of W. O. Wadley; Estate of W. O. Wadley, by Wm. M. Wadley, executor; H. L. Chichester Jr.," as principals.

In the Supreme Court counsel for both parties entered into a stipulation in writing as follows: "It is hereby stipulated and agreed by and between counsel for both sides in this case that a plea of prescriptive title of the premises in dispute was duly filed in the court below by the defendant, W. M. Wadley, as executor of W. O. Wadley, deceased." The judgment of the trial court was affirmed. *Wadley* v. *LeCato,* 139 *Ga.* 177 (77 S. E. 47). A motion for a rehearing was made by "W. M. Wadley, executor of the estate of W. O. Wadley." It was denied. A writ of possession issued. The sheriff returned that he had executed it by putting plaintiffs into possession, and that he had levied on certain land as the property of the estate of W. O. Wadley, deceased, in possession of W. M. Wadley as executor, for the purpose of making the amount of a judgment for mesne profits.

William M. Wadley as executor of the estate of William O. Wadley, deceased, filed his equitable petition against the plaintiffs in the former action and against the sheriff of Jenkins county. He alleged in substance as follows: The former suit was against him as an individual, and not in his representative capacity as the executor of the estate of W. O. Wadley. The estate was not bound by the judgment, but the plaintiffs obtained only a judgment against Chichester and W. M. Wadley as individuals. The land belongs to the estate. The writ of possession issued by the clerk of the superior court followed the description of the land sued for, except that the clerk also attached to it certain maps, plats, and court proceedings, which formed no part of the original pleadings in the ejectment suit, or of the verdict and judgment therein. The sheriff, in company with one of the counsel for the plaintiffs in ejectment, entered upon the lands of the estate of W. O. Wadley, and attempted to find the lands covered by the description in the writ of possession. Failing to do this, he handed to a young man, who was temporarily in charge of the place, a notice which to petitioner is wholly unintelligible. He then left the premises with instructions to the young man to deliver the paper to counsel for the estate of W. O. Wadley. The petitioner apprehends that further steps will be taken to enforce the writ of possession and to evict him or the tenants holding under him as executor of the estate of W. O. Wadley. The writ of possession issued by the clerk included a clause in the nature of an execution for money, commanding

the sheriff "that of the goods and chattels, lands and tenements of W. M. Wadley, executor of W. O. Wadley, and W. M. Wadley, as administrator of H. L. Chichester, and the Georgia Life Insurance Company, security on the supersedeas bond filed by said defendants, you make or cause to be made by levy and sale the sum of $3,200 besides interest," etc. The sheriff, when attempting to execute the writ of possession, levied "this execution clause of said writ" on certain lands of the estate of W. O. Wadley other than those described in the ejectment suit, and, unless prevented from so doing, will sell the lands thus levied on. It was prayed that the plaintiffs in the former action to recover the land be enjoined from further proceeding to have the writ of possession and the judgment and execution enforced against the estate of W. O. Wadley, and from claiming or asserting any rights as against such estate by virtue of the proceedings in the former action, and that the sheriff be enjoined from further proceeding to execute the writ of possession or to sell the land levied on by him.

The defendants answered in substance as follows: Chichester was the son-in-law of W. O. Wadley, deceased, and was the tenant in possession of the land claimed to belong to the estate of W. O. Wadley. The executor of the estate moved to make the amendment which is stated above. The court refused to allow the amendment, and held that both Chichester and the executor of W. O. Wadley were in court, and that all imperfections in service had been waived by their appearance and pleading, and the suit would have to be defended by them. The entire proceedings show that W. M. Wadley, as executor of the estate of W. O. Wadley, deceased, was a party, and defended the case, and that the estate is bound by the judgment. The sheriff executed the writ of possession and put the plaintiffs in possession. There was no difficulty in finding the property. W. M. Wadley was not in possession of the land as an individual, and he defended the suit in his representative capacity.

In addition to the records of the former suit, certain affidavits were introduced which need not be set out. The presiding judge refused to grant an interlocutory injunction, and the plaintiff excepted.

*Miller & Jones,* for plaintiff.

*W. K. Miller, Pierce Brothers,* and *H. M. Holden,* for defendants.

LUMPKIN, J. (After stating the foregoing facts.)

1. The little word "as" is quite an important word in determining whether a suit is by or against an administrator or executor in his representative character or as an individual. But it is neither a *sine qua non* of pleading in a case against an executor in that capacity, nor is it a *ne plus ultra* of legal construction. The general rule is that an instrument signed by one as agent, trustee, guardian, administrator, executor, or the like, without more, is the individual undertaking of the maker, "such words being generally words of description." Civil Code, § 3570. A suit by one with the word "administrator," or "executor," added to his name, especially on a contract made by him, will ordinarily be treated as being his individual suit; and likewise when the suit is against him. *Woodard* v. *Harris,* 138 *Ga.* 751 (76 S. E. 49). But this is not an inflexible rule, where the context makes it clear that the suit was brought by or against him in his representative character, although the word "as" is not employed for that purpose. In *Jennings* v. *Wright & Co.,* 54 *Ga.* 537, a suit was brought in the statutory short form against the administrator of a named decedent, but the petition did not expressly state that it was against him *as* administrator. It alleged that the defendant was indebted to the plaintiff on a note, of which a copy was attached. The copy annexed was that of a joint note of the decedent and another. It was held that the suit was against the defendant, not individually, but in his representative capacity. In the opinion, Bleckley, J., said: "Let the declaration and the copy note, in this case, be read together in a spirit of candor, and there is not one man in a thousand who would be likely to misunderstand them. To miss the meaning the reader would have to be a man of much learning, and one whom much learning hath made mad."

In *Tinsley* v. *Lee,* 51 *Ga.* 482, a decree for money was rendered against a defendant, with the words "executor" of a specified person added to his name. The execution commanded that the money be realized of the property of the defendant, naming him, and adding the words "executor" of a certain person; and nothing else appeared. Such decree and execution were held to be against the defendant as an individual, and not in his representative character. But if it appears from the face of an execution that it is against an administrator, and to be levied upon the property of the de-

cedent, it is valid, though the word "as" be omitted. *Fry* v. *Shehee,* 54 *Ga.* 208 (11); *Dozier* v. *McWhorter,* 117 *Ga.* 786 (45 S. E. 61).

In *Anderson* v. *Foster,* 105 *Ga.* 563 (32 S. E. 373), suit was brought by Anderson, administrator of A. W. Foster, against F. C. Foster, executor of A. G. Foster, deceased, and against E. W. Butler, executor of Joshua Hill. In beginning the opinion Mr. Justice Fish said: "This case, as the record shows, was treated in the trial below, by all the parties thereto and the judge, as an action against F. C. Foster and E. W., Butler as the executors respectively of the wills of A. G. Foster and Joshua Hill, deceased. It was argued before this court by both sides upon this theory. Whatever, therefore, may have been the true legal character of the petition, this court, under the circumstances, will consider it as against the defendants in their representative capacities." Laverty *r.* Woodward, 16 Iowa, 1; Keyes *v.* Minneapolis & St. L. R. Co., 36 Minn. 290 (30 N. W. 888).

In *Braswell* v. *Hicks,* 106 *Ga.* 791 (32 S. E. 861), it was held that where in defense to an action brought against one as an individual he files an answer which practically, though not in express terms, makes him in his character as administrator of a deceased person a defendant to the action, and defends in the right of his intestate's estate, the estate is concluded by the judgment rendered in that action. *Lamar* v. *Lamar,* 118 *Ga.* 684, 688, 689 (45 S. E. 498); *Emmett & Co.* v. *Dekle,* 132 *Ga.* 593 (64 S. E. 682); Daniel *v.* Gum, 45 S. W. 468; Russell *v.* Mallon, 38 Cal. 259.

Tested by these principles, how stands this case? A suit to recover land was filed against Chichester and "W. M. Wadley, executor of W. O. Wadley, dec'd." Both defendants answered. According to a stipulation filed later by counsel in the Supreme Court, a plea of prescription was filed by "the defendant, W. M. Wadley, as executor of W. O. Wadley, deceased." He thus put the title of the estate in issue, if it was not already so. Whether he introduced evidence to sustain this plea is immaterial. The case having been lost by the defendants in the trial court, it was brought to this court. The bill of exceptions stated that "W. M. Wadley, as executor of W. O. Wadley, deceased," and Chichester excepted. The supersedeas bond was joined in by Wadley as executor of the decedent. He thus placed in issue the title of the decedent, and litigated in the superior court and in this court in his representative capacity. He

lost his case in both courts, after a litigation extending over more than six years. To allow him now, in his representative capacity, to say that he is not bound in that capacity but only individually, because in the original action the word "as" was not employed in describing the defendant or praying process, would be to ascribe to that word or its absence more potency than we are willing to concede to it.

When the former case was in this court, counsel for all parties signed and filed the stipulation above mentioned, as a basis of procedure. It became a part of the record. In the present petition there is no allegation that their conduct was wrongful. It is not an admission in a case between different parties. It is a solemn agreement between these parties in a litigation over the same land. The present plaintiff has had his day in court. He must abide the result as to the land.

2. If the judgment, so far as it is for money, and the execution are de bonis propriis and not de bonis testatoris, this can be met by affidavit of illegality, and does not require an injunction. Doubtless such an irregularity, if it exists, is curable by amendment. *Jennings* v. *Wright & Co.*, 54 *Ga.* 538 (3), supra.

The interlocutory injunction was properly refused.

*Judgment affirmed. All the Justices concur.*