## WALLACE *et al.* v. WALLACE *et al.*

ATKINSON, J. 1. The character in which a party is sued may be determined from the substance of the allegations of the petition, considered in its entirety. 15 Enc. Pl. & Pr. 480; *Jennings* v. *Wright*, 54 *Ga.* 537; *Bagley* v. *Robertson*, 57 *Ga.* 148; *Wadley* v. *Oertel*, 140 *Ga.* 326 (78 S. E. 912); *Humphrey* v. *Smith*, 142 *Ga.* 291 (82 S. E. 885). Accordingly, a petition in a suit in equity, alleging that the heirs at law of a decedent filed a petition against two named persons; that one of them applied to the ordinary for appointment as administrator upon the estate of such decedent, alleging that he was the next of kin to the deceased, which allegation was untrue; that he was appointed administrator, and as such applied for and obtained an order for leave to sell the land of the decedent; that he made a pretended sale of the land by virtue of the order; that the sale took place before the legal hour of sale, and was made to the other defendant, who was a minor son of the administrator, at a grossly inadequate price; that both defendants had been in possession of the land since the date of sale; and praying that the defendants be required to surrender into court for cancellation the pretended conveyance by one of them to the other, that it be canceled, that the legal title be declared to be in petitioners, that judgment be rendered against the defendants for mesne profits and counsel fees, that one of them be decreed "by the court never to have been lawfully appointed administrator, and that the office of administrator be declared vacant, and that process be issued against the two named defendants," was not subject to general demurrer on the ground that the administrator was not sued as such.

2. A judgment of the court of ordinary, granting permanent letters of administration to one who is neither next of kin nor a creditor, nor otherwise entitled to administration under the provisions of the Civil Code, § 3943, may be set aside in a direct proceeding in equity at the instance of heirs at law, on the ground that it was falsely and fraudulently represented in the application for letters of administration that the applicant was next of kin to the decedent. *Neal* v. *Boykin*, 129 *Ga.* 676 (59 S. E. 912, 121 Am. St. R. 237); *Wade* v. *Watson*, 133 *Ga.* 608 (66 S. E. 922).

3. A purchase by an administrator at his own sale is voidable at the election of heirs at law within a reasonable time. Where an administrator makes such a sale and the deed is taken to his minor son, the deed may be canceled at the instance of heirs in an appropriate and timely suit for that purpose.

4. Grounds of demurrer not covered by the foregoing rulings were without merit, and were not of such character as to require elaboration.

5. The charge of the court was in accordance with the foregoing principles. The evidence authorized the verdict, and the decree followed the verdict.

*Judgment affirmed. All the Justices concur.*

SEPTEMBER 19, 1914.

Equitable petition. Before Judge Rawlings. Jenkins superior court. May 7, 1913.

*R. P. Jones,* for plaintiffs in error.

*Brannen & Booth* and *A. S. Anderson,* contra.