TRUST COMPANY OF GEORGIA *et al. v.* WALLACE.

PER CURIAM. 1. The allegation in the petition, "that the defendants herein, as administrators of the estate of James R. McKeldin, deceased, entered into" the contract, commits the plaintiff to the proposition that the Trust Company acted in such representative capacity. The same allegation also commits the plaintiff to the proposition that the signature of the corporation, "as agent for Mrs. Bessie Draper Palmer," was made in a representative capacity. With such allegations remaining in the petition, the plaintiff will not be heard to deny that the contract was made in a representative capacity. *Wadley* v. *Oertel,* 140 *Ga.* 326 (78 S. E. 912).

2. The suit was against the defendants as individuals. *Glisson* v. *Weil,* 117 *Ga.* 842 (45 S. E. 221). As the contract was confessedly made in a representative capacity, it will not afford a basis of recovery under the allegations in the present case.

3. The contract, being for the sale of land, was one required to be in writing. The signature by the corporation, and also as agent for Mrs. Bessie Draper Palmer, purported to have been affixed by a "trust officer." No seal of the corporation was attached, nor was there any written authority to sell, granted by Mrs. Bessie Draper Palmer, set forth in the petition. *Held,* that, even if the action was based on a breach of personal covenant upon the part of the defendants, the petition was subject to general demurrer, for the reason that it did not show that the person purporting to sign the instrument was authorized to bind either of the defendants to a contract for the sale of land.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

FEBRUARY 20, 1915.

Action for breach of contract. Before Judge Bell. Fulton superior court. October 23, 1913.

J. N. Wallace instituted an action against The Trust Company of Georgia, a corporation, and Mrs. Bessie Draper Palmer. It was alleged that the defendants had injured and damaged the petitioner in a designated sum, for breach of contract executed between the defendants "as administrators of the estate of James R. McKeldin, deceased," as follows:

"Georgia, Fulton County. Memorandum of Agreement between J. N. Wallace (as purchaser) and Trust Company of Georgia (as vendor), respecting sale of property described below. (This agreement is made subject to right of purchaser to investigate titles to property and to decline to perform if title of the vendor be legally insufficient and——fails to perfect the same within a reasonable time.) Subject-matter of sale, two houses and lots, being No. 76 and 78 East Linden Street, located on the northeast corner of Linden and Courtland Sts. Lot 116x120. Terms. Purchase-price $15,425. Cash payment of $5,000. Balance to be divided into—installments payable after date fixed for making each payment as follows: 1. $— due —months after said date. 2. $— due —months after said date, balance in one, two, three, and four years, at 6% interest. (Cash payment to be made when vendor complies with——obligation to make satisfactory showing as to title. Purchase-money notes for deferred payments to be given at the same time, bearing interest from date at the rate of 6 per cent. per annum, falling due as indicated above, payable at or before maturity.)

"I assent to the terms of the foregoing agreement, this 7th day of June, 1912.                    J. N. Wallace, Purchaser.

"Trust Company of Georgia, Administrators of the estate of James R. McKeldin, decd., and as agent for Mrs. Bessie Draper Palmer, by E. R. Rawlings, Trust Officer.

"I agree to pay commission of $425.00 to M. L. Petty and E. L. Harling for making the above sale.

"Trust Company of Georgia, Administrator of the estate of James R. McKeldin, decd., and as agent for Mrs. Bessie Draper Palmer, by E. R. Rawlings, Trust Officer."

It was also alleged that plaintiff had offered to comply with his part of the contract, and had tendered the cash payment and offered

to deliver the notes as provided therein; but that the defendants, though acknowledging tender, refused to carry out the contract and to deliver the property. Other allegations were that the property was of a stated value, more than the contract price, and the difference was sought to be recovered as damages. An amendment to the petition was filed, in which it was alleged that a described part of the property embraced in the contract was not a part of the estate of James R. McKeldin, deceased, and that the defendants had no authority, "as administrators of the estate of James R. McKeldin, deceased," to sell or contract to sell such part of the property. The defendants filed a demurrer upon the following grounds: (*a*) That the petition sets forth no cause of action against the defendants. (*b*) That it shows on its face that there was no contract between the defendants or either of them and the plaintiff, which could be a basis for any cause of action against the defendants. This demurrer was overruled, and the defendants excepted.

*Anderson & Rountree* and *R. W. Crenshaw*, for plaintiffs in error. *Calhoun & Connally* and *Etheridge & Etheridge*, contra.