## HAMILTON, executor, *v.* SPECK *et al.*

Under the rule that the question as to who are parties to an action is to be determined by inspection of the whole record, and the rule that a judgment against one sued as an individual is not conclusive of any right he may have in his representative capacity as executor, etc., *held:*

1. A former equitable suit, involving title to land, brought by one of the

defendants to the present action, was against the present plaintiff in his capacity of executor of the will of a decedent, and as such he was bound by the verdict and decree therein rendered.

2. The allegations of the petition in the present action to recover the same land, in view of the record in the former suit, show that the defendants' claim of title is superior to that of the plaintiff.

No. 6170. July 10, 1928. Rehearing denied August 22, 1928.

Complaint for land. Before Judge Pittman. Whitfield superior court. June 21, 1927.

*D. W. Mitchell, O. R. Hardin,* and *Maddox, Maddox & Mitchell,* for plaintiff in error.

*J. A. McFarland* and *M. C. Tarver,* contra.

Hill, J. 1. The question as to who are parties to an action is generally to be determined by inspection of the whole record, including the petition, prayer for process, process, return of the sheriff, etc. *Wallace* v. *Wallace,* 142 *Ga.* 408 (83 S. E. 113) ; *John Holland Pen Co.* v. *Williams,* 7 *Ga. App.* 173 (66 S. E. 540) ; *Wadley* v. *Oertel,* 140 *Ga.* 326 (78 S. E. 912) ; *Trust Company of Georgia* v. *Wallace,* 143 *Ga.* 214 (84 S. E. 538). It is a recognized rule of law in this State that a judgment rendered against one sued as an individual is not conclusive of any right he may have in his representative capacity such as executor, administrator, or guardian. *Braswell* v. *Hicks,* 106 *Ga.* 791 (32 S. E. 861). In the instant case the controlling question is whether F. A. Hamilton was sued and bound by a judgment rendered at the October term, 1921, of Whitfield superior court in his individual or representative capacity as the executor of J. W. Bowie, deceased. The original petition in the case in which the judgment was rendered was filed by Mrs. Kate Speck as plaintiff "against F. A. Hamilton, executor of J. W. Bowie," as defendant. The suit was for specific performance of a parol contract alleged to have been made and fully performed upon the part of the plaintiff, between the plaintiff and J. W. Bowie during his lifetime, whereby, in consideration of the plaintiff's remaining on described property and taking care of J. W. Bowie "as long as he should live, petitioner should have the sole and entire use of said property, and at the death of J. W. Bowie all of said property together with any and all improvements were to become the property of petitioner absolutely in fee simple." The petition also alleged that after the making of the contract and partial performance thereof by the petitioner, J. W. Bowie executed a will making a dif-

ferent disposition of the property, in which F. A. Hamilton was appointed sole executor; also that F. A. Hamilton as executor had caused the will to be probated in common form. The prayers were: (a) for specific performance of the contract "between petitioner and J. W. Bowie by F. A. Hamilton, the executor of J. W. Bowie;" (b) for injunction to prevent the said Hamilton from interfering with the property "as executor of the aforesaid Bowie;" (c) that the will be canceled as a cloud against petitioner's title, in so far as it related to the described property; (d) that "F. A. Hamilton, executor of J. W. Bowie," be directed to execute a deed to the plaintiff; (e) for process directed to "F. A. Hamilton, executor of J. W. Bowie." The petition was filed on July 5, 1921. Process was issued on July 6, 1921. The process contained the caption, "Mrs. Kate Speck vs. F. A. Hamilton, exec., Complaint," and stated that "the defendant, F. A. Hamilton," is required to appear at the next term of the court to be held on the 4th Monday in July next, "to answer the plaintiff's demand." Service was acknowledged in these words: "Due and legal service of the within petition and process acknowledged; copy and all other and further service and notice waived. This 9th day of July, 1921. F. A. Hamilton." Verdict and judgment were rendered at the October term, 1921, setting aside the will as prayed.

Properly construing the petition and looking to its substance, the suit was against F. A. Hamilton in his representative capacity as executor of the will of J. W. Bowie. Construing the process in connection with the suit and giving due weight to the caption, to the process, and to the words "the defendant, F. A. Hamilton," as contained in the body of the process, the process was against F. A. Hamilton in his representative capacity as executor of J. W. Bowie. If the process had been addressed only to "F. A. Hamilton," the meaning would not have been so clear, but it was to F. A. Hamilton, "the defendant," which shows that the F. A. Hamilton referred to was the defendant named in the petition, the substance of which was that F. A. Hamilton in his representative capacity was the defendant. Upon the same reasoning the acknowledgment of service by "F. A. Hamilton" was an acknowledgment of service by F. A. Hamilton in his representative capacity, he being the only defendant named in the petition and process, and the only person upon whom

the petition and process was required to be served or who could lawfully be served.

2. In an action of complaint for land, instituted in 1927, by F. A. Hamilton as executor of the estate of J. W. Bowie, against persons claiming under Mrs. Kate Speck, the petition which alleged that the defendants claimed title under J. W. Bowie also undertook to allege that the defendants' title was inferior to the title of plaintiff as executor, and in doing so set out in the petition as an exhibit the portions of the record in the former case referred to above. Upon proper construction of the record in the former case, the allegations of the petition in the present case show that the defendants had a superior title, and the judge did not err in dismissing the petition on general demurrer.

3. The case differs on its facts from *Neal-Millard Co.* v. *Owens,* 115 *Ga.* 959 (42 S. E. 266), in which Mrs. Owens was sued as a defendant in the petition, and the process was not against her but was against another person. Substantially similar distinctions may be drawn between this and all other cases relied upon by the plaintiff in error.          *Judgment affirmed. All the Justices concur.*